## Commonwealth *v.* Elbert, Appellant.

*Municipalities—Cities of the third class—City of Reading—Water commissioners—Statutes—Construction—Repeal of statutes—Constitutional law—Local and special legislation—Acts of June 27, 1913, P. L. 568, and March 21, 1865, P. L. 455—Quo warranto.*

1. Clauses 13 and 43 of Section 3, Article 4, of the Act of June 27, 1913, P. L. 568, entitled "An Act Providing for the Incorporation, Regulation and Government of cities of the Third Class; Regulating Nomination and Election of Municipal Officers therein; and Repealing, Consolidating, and Extending Existing Laws in Relation thereto," are not unconstitutional as special or local legislation, because of the express provision that they are not to apply to "any city wherein the title to the water works therein located is in the name of the Commissioners of Water Works."

2. The effect of the Act of June 27, 1913, P. L. 568, is to empower the council of third class cities, where the title to the water works therein located is not in the name of the commissioners of water works, by ordinance to supersede the board of water commissioners and take into its own hands the administration of the affairs previously committed to that body.

3. The Act of June 27, 1913, P. L. 568, if not directly repealing the Act of March 21, 1865, P. L. 455, establishing a board of water

commissioners for the City of Reading, has the effect of empowering the council of that city by ordinance to supersede such board and take into its own hands the administration of the affairs previously committed to that body; and where council passed an ordinance to that effect, the office of the board of water commissioners came to an end, and in quo warranto proceedings against such commissioners, judgment of ouster was properly entered.

Argued March 3, 1914. Appeal, No. 49, Jan. T., 1914, by defendants, from judgment of C. P. Berks Co., Jan. T., 1914, No. 77, ousting defendants from the office of Commissioners of Water for the City of Reading, in the case of Commonwealth of Pennsylvania, ex rel. Ira W. Stratton, Mayor, and George F. Eisenbrown, Peter S. Holl, Jacob H. McConnell and B. Frank Ruth, Members of Council of the City of Reading, v. Edward Elbert, Frederic P. Heller, John H. Close, and A. Ellsworth Leinbach. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Quo warranto to determine title to office. ENDLICH, P. J., filed the following opinion:

A careful study of all the questions raised in this important litigation, and of the various authorities bearing upon them, in the light of the very helpful arguments, both oral and printed, submitted by counsel, has led to the conclusion that Commonwealth v. Heller, 219 Pa. 65, furnishes a complete guide to the decision here to be made, and that that decision cannot, consistently with the doctrine of the case cited, be other than adverse to the defendants.

The City of Reading has the title to its water works by conveyance to it in its corporate name. The relators here compose the council of the city under the Act June 27, 1913, P. L. 568. The defendants are the water commissioners elected and holding office under the local Act March 21, 1865, P. L. 455, a supplement to the city charter, (Act April 26, 1864, P. L. 583) and under the city ordinance of March 28, 1865, City Dig. p. 389,

passed in pursuance of the Act of 1865, creating and pre-scribing the functions, etc., of the "Department of Water" in charge of the water commissioners. In 1874 the city accepted the Act May 23, 1874, P. L. 230, and became a city of the third class. It is now therefore, sub-ject to the Act of 1913. On December 6, 1913, the city council passed an ordinance, effective (see Article XX, Section 1, p. 627,) December 17, 1913, assigning the water works system of the city to the department of parks and public property, prescribing the payment of bills contracted in the operation and maintenance of the same, providing for the appointment of a chief engineer of water works and an assistant engineer, and fixing their salaries, in which ordinance that of March 28, 1865, is expressly repealed.

It is contended on the part of the Commonwealth that the existence of the board of water commissioners under the Act and ordinance of 1865 is thus terminated; on the part of the defendants, that it remains unaffected.

The pertinent provisions of the Act of 1913 are the following:

Art. IV, Sec. 1 (p. 575) : The legislative power of every city of the third class shall be vested in a council, composed of the mayor and four councilmen. Said coun-cil shall have and possess all powers heretofore con-ferred upon or vested in the select or common councils, or both thereof, as heretofore constituted, unless other-wise provided.

Art. V, Sec. 3, cl. 13 (p. 584) : (Every city of the third class......is authorized and empowered......in addition to other powers granted by this and other acts) to create any office, public board or department which they may deem necessary......to prescribe the powers thereof, and to regulate and prescribe the terms, duties and compensation of officers......Provided that the pro-visions of this section as to the creation of any public board of department......shall not apply to the crea-tion of any board of commissioners of water works in

any city wherein the title to the water works therein located is in the name of the commissioners of water works.

Art. V, Sec. 3, cl. 43 (p. 589) : To have the exclusive right, at all times, to supply the city with water......at such prices as may be agreed upon; and for that purpose to have, at all times, the unrestricted right, subject to the provisions of existing laws, to make, erect and maintain......works, machinery, buildings, cisterns, reservoirs, pipes, conduits......Provided, that the provisions of this section shall not apply to any city wherein the title to the water works therein located is in the name of the commissioners of water works.

Art. VII, Sec. 1 (p. 595) : The council shall determine the powers and duties to be performed by, and assign them to the appropriate department.......

Art. XXI, Sec. 4 (p. 631) : All acts......or parts of acts relative to cities of the third class, not inconsistent with the provisions of this act, shall be and remain in full force; and all acts and parts of acts, general, special or local, appertaining to the subject matter covered by this act, so far as they are inconsistent with the provisions thereof, be, and the same are hereby repealed (excepting the Act 22 April, 1905, P. L. 260, for the preservation of the purity of water of the State).

Concerning Art. V, Sec. 3, clauses 13 and 43, it is urged on the part of the defendants that the provisos, alleged and admitted and indeed well understood to import an exception of the City of Erie from the operation of these clauses, render them unconstitutional and void, as local and special legislation. Under the decision in Commonwealth v. Heller, supra, however, this result cannot be conceded. The Act May 23, 1889, P. L. 277, in Art. XII, Sec. 2 (p. 309), gave certain powers relative to water works, etc., to "any city which......has the title to any water......works by conveyance to the same in its corporate name." It was insisted that by this restriction, which excluded the City of Erie, the enactment was rendered special and local and therefore

unconstitutional. But the Supreme Court declined so to hold. There seems to be no room for safe distinction between the question as there arising under the Act of 1889 and the question as here arising under the Act of 1913. In the former the exclusion of the City of Erie resulted from the description of the cities to which the statute was declared in terms to apply, upon the principles expressio unius est exclusio alterius. In the Act of 1913 the description of the cities subjected to the enactment is general, and the exclusion of cities wherein the title to the water works is in the commissioners and not in the city is added by way of proviso. If that exclusion were violative of any constitutional prohibition, it might be that, analogously to the rule applied in Sewickley Boro. v. Sholes, 118 Pa. 165, the proviso would have to fall, leaving the enactment to stand as applicable to all the cities its language, without the proviso, would comprehend. If, however, that be not the correct view, then the effect of the Act of 1889 and that of the Act of 1913, to create the exclusion must be accepted as practically the same. Whether the exclusion of one city of the third class is found in a restricted description of the cities to be comprehended, or in a superadded exception to a general description, cannot be material. By the one method as by the other, the present operation of the statute is confined to cities of the third class holding title, etc., and forbidden as to those not so holding. That is to say, special enactments obtaining in the latter are preserved from repeal by the Act of 1913, just as by the Act of 1889. Under either, their continuance in force is not a ground for declaring the enactment void.

The decision in Commonwealth v. Heller, 219 Pa. 65, also disposes of the contention that the Act June 4, 1901, P. L. 364, can be invoked as repealing that of 1865. It further settles that a direction such as found in the Act of 1913, Art. XXI, Sec. 3, (p. 631), making it the duty of the council forthwith to enact ordinances needful to effectuate the provisions of the statute does not

itself make mandatory provisions couched in permissive phrase. But the decision settles still more. It settles that, whilst the Act of 1889 did not repeal ipso facto the local Act of 1865, and at once put an end to the office and authority under it of the Reading water commissioners, yet it clothed the council with power to establish a new water department, and that, if and when they did so, the office and authority of the water commissioners under the Act of 1865 would be superseded and terminated. Obviously this ruling has an important bearing upon the effect of the Act of 1913. If it were indispensable to a disposition of the present case to declare whether or not the latter Act repeals the Act of 1865, and without any action on the part of the city council extinguishes the board of water commissioners and wipes out the water department organized under the enactment and the ordinance of 1865, it might perhaps be possible to differentiate the Act of 1913 from that of 1889 with respect to an apparent legislative intent upon this question, and to indicate a variety of features peculiar to the Act of 1913 looking towards such repeal. Thus it might be in point to refer to the repealing clause as expressive of a distinct design to do away with local and special enactments inconsistent with the Act of 1913, and to instance as one of the patent inconsistencies between it and the Act of 1865 the right given by the Act of 1913 to the city council to fix the water rates, a right under the Act of 1865, resting with the water commissioners, the city councils having the power only to approve or disapprove what the commissioners proposed: Act 1865, sec. 5. It might be further noted that the Act of 1913, in Art. VII, Sec. 1, (p. 594), establishes five departments, with an option to the city council to create a board of health, governed by existing laws as to such and possibly having a status outside of the enumerated departments: Art. XI, p. 605; that the Act of 1913 very closely follows that of 1889 in respect to the topics covered, their arrangement and the detailed provisions

concerning them; but that, whilst the Act of 1889 contained a separate article on the "water and lighting department," which cities were authorized to establish, and lengthy and minute provisions as to its organization, regulations and operation, the Act of 1913 omits all of this, and among the departments named does not mention a department of water. The conclusion would appear to lie on the surface that the legislature did not intend to continue such a department, as a department, but to bring the management of the water works under the control of the city council, to be assigned by it to one of the five specified departments. If so, its continuance as a separate department under the Act of 1865 and the preservation of that statute would necessarily have to be regarded as inconsistent with the provisions of the Act of 1913. Again it might be suggested that the manifest intent of the latter enactment is to furnish for the creation and government of cities of the third class generally a complete system by way of substitute for the one previously existing, at least to the extent of its divergence from the same, and incidentally thereto to concentrate in the hands of the city council the direct and responsible control of all the agencies of the municipal government. Such an agency and nothing more has been the water department of the City of Reading as constituted under the Act of 1865: Commissioners v. Sewickley Boro., 159 Pa. 194, 198; Frame v. Felix, 167 Pa. 47, 52. Its further existence and operation under that statute would therefore appear incongruous with the very scheme and purpose of the Act of 1913. But whilst all these and possibly still other considerations might tend to the conclusion that the Act of 1865 was repealed by that of 1913, it is needless for the requirements of this case to give to the latter statute any effect greater or more peremptory than that given by the Supreme Court to the Act of 1889 in Commonwealth v. Heller, supra, the most conservative and restricted that can possibly be given to the Act of 1913, viz, treating its directions

as faculative rather than imperative, the effect not of directly and immediately repealing the Act of 1865, but of empowering the city council by ordinance to supersede the board of water commissioners and take into its own hands the functions and the administration of the affairs previously committed to that body. That power having been exercised by the council, there seems to be no ground for doubting that the existence of the board of water commissioners under the act and ordinance of 1865, and with it the office of the defendants have come to an end, and that therefore the decision must be as above indicated, in favor of the Commonwealth in this case and against the defendants.

The court entered judgment of ouster.

Defendants appealed.

*Error assigned* was the judgment of the court.

*William J. Rourke,* for appellants.

*Henry P. Keiser,* for appellees.

PER CURIAM, March 23, 1914:

The judgment is affirmed on the opinion of the learned president judge of the Common Pleas.