## City of Pittsburgh v. Phelan, Appellant.

*Municipalities—Taxes—Water Rents—Scire facias sur municipal liens.—Act of March 7, 1843, P. L. 46—Act of June 4, 1901, P. L. 364— Act of Feb. 20, 1857, P. L. 56—Act of April 12, 1851, P. L. 419.*

Water rents are not taxes, nor can the mere consumption of water be regarded as a municipal improvement.

The authority to file municipal liens for water rents was first given to the City of Pittsburgh by special Act of Assembly of March 7, 1843, P. L. 46, sec. 4. This right was confirmed and established by the subsequent Acts of April 12, 1851, P. L. 419, and February 20, 1857, P. L. 56. The city was in full possession of this right as an established practice when the Constitution of 1873 was adopted and when it became a city of the second class.

The provisions of the Act of June 4, 1901, P. L. 364, exempting places of religious worship and institutions of purely public charity from tax or municipal claims, do not apply to claims for water rent, and judgment is properly entered for want of a sufficient affidavit of defense when such exemption is the sole defense.

Argued May 4, 1925. Appeal, No. 158, April T., 1925, by the defendant, from judgment of C. P. Alle-

gheny County, January T., 1919, No. 6, delinquent tax docket, in the case of The City of Pittsburgh v. Rt. Rev. Richard Phelan, owner or Reputed owner, (now represented by Rt. Rev. Hugh Boyle, Bishop of Pittsburgh, successor) of whoever may be owner, or * * * * * * Registered owner. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Scire facias sur municipal lien for water rent. Before CARPENTER, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for writ of a sufficient affidavit of defense. The Court made absolute the rule. Defendant appealed.

*Error assigned,* among others, was the order of the court.

*Frank C. McGirr,* for appellant, cited: Section 5, Act of June 4, 1901, P. L. 364, (as amended by section 3 of the Act of May 28, 1915, P. L. 599); Carrick v. Canevin, 243 Pa. 283.

*Robert M. Ewing,* Assistant City Solicitor, and with him *Richard W. Martin,* City Solicitor, for appellee.— Water rents are not taxes: Rieker v. Lancaster City, 7 Pa. Superior Court 149; Jolly v. Monaca Borough, 216 Pa. 345; Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24; Central Iron & Steel Co. v. Harrisburg, 271 Pa. 341; Consolidated Ice Co. v. Pittsburgh, 274 Pa. 558.

OPINION BY KELLER, J., July 9, 1925:

The Court of Common Pleas of Allegheny County entered judgment against the defendant for want of a sufficient affidavit of defense in a scire facias sur municipal

lien for water rent.    The lien was filed November 13, 1918, for water rent due and unpaid for 1915.    The affidavit of defense alleged that the property liened was a four-story brick school erected wholly by voluntary contributions of members of the church of the Epiphany Congregation and similarly maintained, open to all, free of charge without regard to creed, color, race or condition.    While the affidavit does not specifically aver that the school is a purely public charity it set up as a defense to the scire facias the provision of section 5 of the Act of June 4, 1901, P. L. 364, (as amended by section 3 of the Act of May 28, 1915, P. L. 599), that "actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity, shall not be subject to tax or municipal claims, except for the removal of nuisances, for sewer claims and sewer connections, or for the recurbing, paving, repaving, or repairing the footways in front thereof:"    The court overruled this contention on the ground that the Act of June 4, 1901, supra, was unconstitutional in so far as it attempted to legislate upon water rents, for want of notice thereof clearly expressed in its title.

The title of the Act of 1901, is, "An act providing when, how, upon what property, and to what extent, liens shall be allowed for taxes, and for municipal improvements, and for the removal of nuisances; the procedure upon claims filed therefor; the methods for preserving such liens and enforcing payment of such claims; the effect of judicial sales of the properties liened, and the manner of distributing the proceeds of such sales." [a]    This court has already decided that water rents are not taxes: Rieker v. City of Lancaster, 7 Pa. Superior Ct. 149; nor can they properly be classed as municipal improvements.    The laying of water pipes in a street doubtlessly might be so designated, irrespective

Note a.  Now repealed by Acts of May 24, 1921, P. L. 1089, and May 16, 1923, P. L. 207.

of the fact that in supplying water the city acts in its private or proprietary capacity rather than in its governmental character:  Com. v. Casey, 231 Pa. 170; Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24; but by no stretch of the imagination can the mere consumption of water be regarded as municipal improvements. Nor has it been usual or general throughout the State to file municipal liens for water rents. There was, therefore, nothing in the title of the Act of 1901 to give the public notice of this proposed departure as respects water rents, and following the rule expressed in Guppy v. Moltrup, 281 Pa. 344, and Provident L. & T. Co. v. Hammond, 230 Pa. 407, 413, the lower court correctly held that the act, in so far as it attempted to legislate upon municipal liens for water rents, was invalid, as in violation of art. III, sec. 3, of the Constitution.

The right to file municipal liens for water rents was first given the City of Pittsburgh by special act of March 7, 1843, P. L. 46, sec. 4, p. 47. This right was confirmed and established by the Acts of April 12, 1851, P. L. 419, sec. 8, p. 421, and February 20, 1857, P. L. 56. The city was thus in full possession of this right, as an established practice, when the Constitution of 1873 was adopted, and when it became a city of the second class, the Act of March 22, 1877, P. L. 16, was passed preserving this right in cities of the second class; and while section 12 of that act was held unconstitutional by the Supreme Court in Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231, the act generally was upheld in Kilgore v. Magee, 85 Pa. 401, as presenting a proper subject and basis of classification. The Act of 1877 has been followed by the Acts of May 8, 1909, P. L. 477; May 12, 1911, P. L. 295; June 15, 1915, P. L. 976, all of which recognize the right of cities of the second class to file municipal liens for water rents. The case of Kilgore v. Magee, supra, has been followed by similar rulings in Pittsburgh's Petition, 138 Pa. 401; Phila. Company's Petition, 210 Pa. 490; Com. v. Heller, 219 Pa. 65; Beltz

Opinion of the Court.    [85 Pa. Superior Ct.

v. Pittsburgh, 26 Pa. Superior Ct. 66 and Phila. v. DeAr-mond, 63 Pa. Superior Ct. 436. As the point in question has been directly ruled upon by the Supreme Court and followed by similar legislation for forty years we must regard the matter as settled, and the right of the city to file such liens established. This right is not affected by the provision in the Act of June 4, 1901, supra, providing that institutions of purely public charity shall not be subject to taxes or municipal claims, for the reason, as we have seen above, that it cannot be held applicable to claims for water rent.

It follows that the court committed no error in entering judgment for want of a sufficient affidavit of defense, and the judgment is affirmed.