## School District of Bedford Borough, Appellant, v. J. H. Schnably et al.

*Boroughs—Borough Code—Water works—Water works commission—Appointment—School district—Liability for water furnished school house—Act of June 5, 1913, P. L. 445.*

Under the provisions of the Borough Code of 1915 continuing the provisions of the Act of June 5, 1913, P. L. 445, a Borough to which the code is applicable has a right to have a Commission appointed for the management and supervision of municipal water works.

The provisions of the Borough Code are applicable to the Borough of Bedford, and the School District of that borough is liable for water purchased from the municipal water works.

Water rents are not taxes, but constitute an obligation to pay for the use of water under an express or implied contract or license. There is no obligation on a consumer's part to take the water, but if he does take it he thereby obliges himself to pay for it according to the terms and conditions made public, or according to the contract which he may have made.

Where a school district claimed the right to receive free water by virtue of its exemption from taxation and not by an assertion of rights hostile to the borough it acquired no prescriptive right to the gratuitous use of water.

Argued October 25, 1926. Appeal No. 2, October T., 1926, by plaintiffs, from decree of C. P. Bedford County, November T., 1924, No. 1, Sitting in Equity, in the case of School District of Bedford Borough, Bedford County, Pennsylvania, vs. J. H. Schnably, J. C. Smith and A. C. Blackburn, Members of the Commission of Water Works for the Borough of Bedford, Bedford County, Pennsylvania. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Bill in equity to restrain defendants from shutting off water. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the bill. Plaintiffs appealed.

*Errors assigned* were various rulings on requests for findings of facts and conclusions of law, and the decree of the Court.

*John N. Minnich,* for appellant.

*Richard W. Lins,* for appellee.

OPINION BY CUNNINGHAM, J., March 3, 1927:

Between January 1, and July 1, 1924, the school district of Bedford Borough, co-extensive therewith and operating under the School Code of 1911, used at a

school building owned by it 434,100 gallons of water, supplied by the Borough of Bedford through the water works owned and maintained by it. The Borough of Bedford, acting through its commissioners of water works, claimed, under the rates made and established by said commissioners, the sum of $153.90 from the school district as compensation for the water so supplied. The school district contended that the borough was not legally entitled to collect anything from it for water supplied and consumed at its school building. The commissioners of water works then threatened to enforce one of their regulations, to the effect that the furnishing of water might be discontinued upon the failure of a consumer to pay the amount due as water rents under the rates established by them. Thereupon the school district filed in the Court of Common Pleas of Bedford County its bill for an injunction to restrain the commissioners of water works from shutting off the water from its school building. A preliminary injunction was granted, an answer and replication were filed, and testimony was taken. The court below, under date of August 4, 1925, entered a final decree dissolving the preliminary injunction and dismissing the bill at the cost of the school district, from which decree we have this appeal. The parties are in agreement with respect to the facts and it is admitted that the rates, rules and regulations established by the commissioners of water works are reasonable. The disposition of this appeal, therefore, depends upon the proper construction of certain acts of assembly and the application of certain principles of law to conceded facts.

Thirty assignments of error have been filed but the questions raised by them may be classified under three propositions: (a) Whether the local and special act of assembly approved April 13, 1872, P. L. 1131, and its supplement of February 21, 1873, P. L. 144, —providing for the appointment of a commission to con-

struct water works for the Borough of Bedford and, upon completion, to turn the same over to the burgess and town council, to be maintained and operated from revenues raised by the levy upon the adjusted valuation of assessable real estate, and upon trades and professions, of certain taxes designated as water taxes and to be levied in addition to other borough taxes—were in full force and effect during the year 1924; (b) Whether the revenues collected from consumers in the borough under the rates established by the commissioners of water works are taxes; and (c) Whether the school district has acquired a right by prescription to the free use of water from the borough mains.

1. The principal question is whether the Act of 1872 and its supplement of 1873, supra, were in effect during the first six months of 1924, with the result that when the water was furnished the water works owned by the borough were, at least in contemplation of law, under the sole control of the burgess and town council and maintainable from revenue raised by the imposition of water taxes, or whether, during this period, the water works were lawfully under the control of the commissioners of water works, appointed by the Court of Common Pleas of Bedford County on May 14, 1923, and maintainable from revenue arising from the collection of water rents under rates established by said commissioners. It is conceded by the borough that, if the Act of 1872 and its supplement of 1873, supra, have not been repealed, there was no authority in law for the appointment of the commissioners of water works; that the works are to be maintained by the assessment of water taxes; and that such taxes cannot be assessed against the school building in question, by reason of the exemption of school houses from borough taxes under the Act of July 17, 1919, P. L. 1021. It is also conceded that from 1873 until May, 1923, the water works were maintained and operated

by the burgess and town council under the provisions of the above mentioned local and special acts and that no attempt was ever made to charge the school district for water supplied to it during the forty years of its existence. On May 14, 1923, however, the borough council, acting under the provisions of the Borough Code of May 14, 1915, P. L. 312, and particularly under the provisions of Chap. 6, Art. 17, Secs. 28-39 thereof (P. L. 377, 379), passed a resolution and recorded the same in its minutes, by which it resolved to apply by petition to the Court of Common Pleas of Bedford County for the appointment of three citizens of the borough as commissioners of water works and, on May 31, 1923, that court appointed the appellees as members of a commission of water works. Beginning January 1, 1924, the commissioners, pursuant to the authority conferred upon commissioners of water works by the 34th Section of the above mentioned chapter and article "to collect water rents and to make and establish the rates and conditions upon which water will be furnished to applicants therefor, and to make by-laws and regulations for the economic and efficient management of such water works," installed meters and established a rate for each thousand gallons of water consumed.

The school district, appellant herein, contends that the local and special Act of 1872 and its supplement of 1873, supra, were in full force and effect in 1924, notwithstanding the action of the borough council in endeavoring in May, 1923, to avail itself of its alleged right, under the Borough Code, to have commissioners of water works appointed, and that there was no authority in law for their appointment or for the change in the method of maintaining the water works. We therefore inquire (1) whether the council of Bedford Borough had legislative authority and warrant in May, 1923, to avail itself of the provisions of the Borough

Code for the establishment of a commission of water works, and (2) whether it did so by the resolution of May 14, 1923?

The Borough of Bedford was incorporated by a special act, approved March 13, 1795, P. L. 202, and on November 9, 1855, by order and decree of the Court of Quarter Sessions of Bedford County, accepted the provisions of the Act of April 3, 1851, P. L. 320, entitled "An Act Regulating Boroughs." Then followed the special Act of 1872 and its supplement of 1873, providing for the establishment and operation of the borough water works. There was no legislation affecting these Acts of 1872 and 1873 until the approval of the Act of June 5, 1913, P. L. 445, "Establishing a Commission of Water Works in boroughs and incorporated towns of this Commonwealth; providing for the appointment of Commissioners of Water works and prescribing their powers and duties." This act consists of eleven sections. By the ten sections constituting the body of the act it is enacted that in boroughs owning and maintaining water works there may be established a commission of water works, to be composed of three citizens of the borough, and that any borough, desiring to avail itself of the provisions of the act, shall, "by resolution duly passed by council and recorded in its minutes, apply to the Court of Common Pleas of the proper county for the appointment of commissioners of water works" and then follow detailed provisions relative to the powers and duties of the commissioners. By the 11th section of the act it is provided that "All acts and parts of acts, general, local and special, inconsistent with this act, are repealed; but this repeal shall not become effective in any borough or incorporated town until the authorities thereof shall by appropriate ordinance accept the provisions of this act," etc. No ordinance was ever enacted by the authorities of the Borough of Bedford accepting

492    BEDFORD BOR., Appellant, *v.* SCHNABLY et al.

Opinion of the. Court.    [89 Pa. Superior Ct.

the provisions of this act, and we are of opinion that in the absence of express action by them in the form of an ordinance accepting the provisions of the Act of 1913, the repealing clause thereof did not become effective against the special Acts of 1872 and 1873: Thiel v. Philadelphia, 245 Pa. 406. By this Act of 1913, however, the authorities of Bedford Borough were given an option and clothed with power to avail themselves of the privilege of having a commission of water works created. Next in order came the Borough Code of 1915, in which all the provisions of the Act of 1913, supra, except the 11th or repealing section thereof, were substantially re-enacted as Sections 28-40 of Art. 17 of Chap. 6 (P. L. 377, 379). Attached to the Code, Chap. 13, Art. 1, Par. (c), P. L. 446, is a list of acts repealed by the Code in so far as they relate to boroughs, in which list is included the Act of June 5, 1913, supra. Thus, all the provisions of the Act of 1913 are re-enacted in the Code, except the above quoted section relating to repeals and the manner in which they may be made effective, and this section is expressly repealed by the Code. The effect of the re-enactment in the Code of existing laws is thus stated in Section 3 of Art. 1 of Chap. 1, (P. L. 314), "The provisions of this act so far as they are the same as those of existing laws are intended as a continuation of such laws, and not as new enactments." While boroughs incorporated under special incorporating acts and which have not accepted the provisions of the Act of 1851, supra, seem to be exempt from the operation of the provisions of the Borough Code, it is expressly provided by Section 6 of Art. 1 of Chap. 1 thereof, as amended by the Act of July 6, 1917, P. L. 704, inter alia, that the Code "shall apply to all boroughs incorporated under general law and to all boroughs incorporated under special law, which have accepted the provisions of the Act of April 3, 1851,"

etc.  Bedford Borough, as we have seen, was incorporated under a special law and accepted the Act of 1851.  The further amendment of April 26, 1921, P. L. 282, to Section 6 of Art. 1 of Chap. 1 of the Code, cited by appellant, has no application to the question we are considering.  We are therefore of opinion that the provisions of the Code are applicable to Bedford Borough and that ever since the approval of the Act of 1913 the authorities thereof have been clothed with power to have a commission of water works established to take charge and control of its water works, and, further, that in 1923 the method of availing itself of such privilege was the method prescribed by the 28th, 29th and 30th Sections of Art. 17, Chap. 6 of the Borough Code (P. L. 377), namely, by application to the Court of Common Pleas under a resolution passed by the council and recorded in its minutes.  We are also of opinion that it was the legislative intent, as disclosed in the enactment of the Borough Code, that, whenever a borough to which its provisions are applicable takes the steps therein prescribed for the creation of a commission of water works, all local and special acts relating to the operation and control of its water works become inoperative: Commonwealth v. Elbert, App., 244 Pa. 535.  We are satisfied that there was legislative authority for the action of the borough council and the Court of Common Pleas in creating a commission of water works for the Borough of Bedford, and the assignments of error relating to this branch of the case are dismissed.

2.  The school district contends in the next place that, even if a commission of water works was legally created, the revenue which it is authorized under the Borough Code to create for the repair, extension, improvement and maintenance of existing, and the erection of new, water works is a tax from which its school house is exempt.  We cannot agree with this

contention. A tax is a demand of sovereignty but a water rent required by a municipality to be paid to it by consumers is merely the price of a commodity, a compensation demanded by the owner of a utility for service rendered. This court decided in Rieker v. Lancaster City, 7 Pa. Superior Ct. 149, and repeated in City of Pittsburgh v. Phelan, App., 85 Pa. Superior Ct. 548, that water rents are not taxes; that taxes are imposed by an act of sovereignty and payment of them is compulsory; whereas, the obligation to pay for the use of water is based upon an expressed or implied contract or license. "There is no obligation on a consumer's part to take the water, but if he does take it he thereby obliges himself to pay for it according to the terms and conditions made public, or according to such expressed contract as he may have made": Rieker v. Lancaster City, supra, and cases there cited; Jolly v. Monaca Borough, App., 216 Pa. 345. It has also been decided that a municipality may adopt such rules in regard to the use of water and the payment therefor as the municipal authorities shall deem expedient: Girard Life Ins. Co. v. Philadelphia, 88 Pa. 393, 394. The assignments of error based upon this contention are accordingly dismissed.

3. With relation to the claim of appellant that it has acquired a right by prescription to free water for its school house from the borough mains the learned president judge of the court below held that as the school district, since the beginning of its existence in 1859, had claimed the right to receive free water by virtue of exemption from taxation, and not by the assertion of a right hostile to the rights of the borough, no prescriptive right to such use of the water had accrued; that it did not appear that the water had ever been taken by the school district under any adverse claim against the power of the borough to condition the supply of water upon the payment of fixed rates;

and that, under all the facts in this case, the school district had not acquired a prescriptive right to the gratuitous use of water. We agree with the conclusions thus expressed, and the assignments of error challenging their correctness are overruled. Having reached the conclusion that the borough, acting through its commissioners of water works, has a legal right to require payment from the school district for water supplied to its school house, it follows that the bill to restrain the commissioners from enforcing their regulation relative to shutting off the water for nonpayment of water rents was properly dismissed. In view however of the circumstances of the case and particularly as the contending parties are both representatives of the property owners of the borough and are dealing with public funds, it may not be improper to point out that the water should not be shut off except as a last resort. In O'Donnell v. School District of Cass Township, 133 Pa. 162, our Supreme Court, referring to the provisions of the Act of May 8, 1854, P. L. 621 (now repealed by the School Code of 1911), with relation to the collection of judgments obtained against a school district, said that an execution could not then be issued for the seizure and sale of the school district's real and personal estates "for this would take from it the school houses, books and furniture necessary to the maintenance of the schools, and defeat the very purposes for which the district is organized." Although under the Act of May 16, 1923, P. L. 207, the words "municipal claim" include a claim for "water rates" it would seem that a lien could not be filed against the real estate owned by a school district (which is a "municipality" under the act) by reason of the exemption in Section 5.

An adequate supply of pure water is such a convenience to a school house that we feel confident that the directors of this district will be able to so manage

the public affairs committed to their charge that they will be able to pay the legal and just claims of its creditors without compelling them to resort to drastic measures.

The decree is affirmed and the appeal dismissed at the cost of appellant.