Provident Trust Co. *v.* Judicial B. & L. Assn. et al., Appellants.

Argued September 27, 1933.

Before KEL-
LER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
JAMES, JJ.

*Milford J. Meyer,* and with him *Samuel A. Blank*
and *Loewenstein & Winokur,* for appellant.

*Samuel Finestone,* and with him *W. Horace Hep-
burn, Jr.,* for appellee.

OPINION BY KELLER, J., March 3, 1934:

This is an action of assumpsit brought by a mort-
gagee of real estate in the City of Philadelphia, who

purchased the same at foreclosure sale under the mortgage, and was compelled to pay the taxes for the years 1930 and 1931, against the owner of the real estate when the taxes were due, for reimbursement of the amount so paid. The claim is based on the equity of subrogation to the city's right of action against the property owner personally liable for the taxes (Acts of April 16, 1845, P. L. 495, sec. 4; March 11, 1846, P. L. 114, sec. 2; March 13, 1847, P. L. 340), which accrued to the plaintiff on payment of the taxes to the city: Penna. Co. v. Bergson, 307 Pa. 44, 55, 159 A. 32.

The court below entered judgment against defendant for want of a sufficient affidavit of defense. To warrant the entry of such a judgment the plaintiff's right to it must be clear and free from doubt: Gordon v. Continental Casualty Co., 311 Pa. 109, 111, 166 A. 557.

The facts as they appear in the plaintiff's statement and the affidavit of defense may be summarized as follows: Plaintiff was the holder of a first mortgage on premises 1702-8 Norris Street, Philadelphia. Defendant was the registered owner of the premises from May 13, 1929 to March 9, 1931. On December 1, 1930, after default on the mortgage, by virtue of the right secured to it under the mortgage, plaintiff demanded possession of the premises, and pursuant thereto collected the rents accruing thereafter until it became the purchaser at sheriff's sale under the mortgage foreclosure on March 2, 1931. The amount of the rent collected by the plaintiff from December 1, 1930 to March 2, 1931 is not set forth, but, whatever it was, no credit was given for it by the plaintiff on account of interest or principal on the foreclosure of the mortgage; the judgment in the scire facias was for the full amount of principal due and interest without deduction for any rents received. The taxes for 1930

amounted to $974.99; taxes for 1931, $879.12; water rents and meter rates for 1930 $77.69; for 1931 $33.60. The defendant admitted liability for the 1930 taxes but defended against those for 1931 on two grounds: (1) That the moneys received by plaintiff on account of rents from December 1, 1930 to *December 1, 1931* were sufficient to pay the taxes; (2) that the mortgagee being in possession of the rents must be regarded as the real owner and hence was itself personally liable for the 1931 taxes, rather than the defendant. Neither of these defenses is tenable.

(1) The rents, which accrued after the delivery of the sheriff's deed under foreclosure on March 9, 1931, were the individual property of the plaintiff and of no concern to the defendant. The latter cannot ask that rents due and payable during the period that plaintiff was the real and registered owner should be applied to the payment of taxes for which the defendant was personally liable, to the relief of the defendant.

(2) The mortgagee in possession of the premises, and collecting the rents, by virtue of a demand for the same on condition broken, is not the real owner of the real estate with the accompanying personal liability for payment of taxes. The registered or title owner remains the real owner, until he executes and delivers a deed of conveyance, absolute on its face, as distinguished from a mortgage, or the real estate is conveyed by the sheriff under execution process. While in possession and collecting the rents as mortgagee the latter is a quasi or constructive trustee for the owner and must account to the latter for the rents and profits so received: Integrity Trust Co., Trustee v. St. Rita Building & Loan Association, 112 Pa. Superior Ct. 343, opinion handed down this day. The rents so received by the mortgagee do not become his individual property until he has appropriated them to the interest or principal of the mortgage; and he

is entitled to credit for necessary repairs and expenses incurred in the management of the property and taxes paid by him. The mere receipt of the rents does not operate as a payment on the mortgage as to either interest or principal. See full discussion on the subject in Integrity Trust Co., Trustee, v. St. Rita B. & L. Assn., supra. The excerpt from the opinion of the lower court in Commonwealth Nat. Bank v. Shoemaker, 13 W. N. C. 255 (1883), relied on by the appellant, was not adopted by the Supreme Court, which held the bank liable for the payment of the taxes, not because it was a mortgagee in possession collecting the rents, but because it "held title to the land by a deed absolute on its face and also caused it to be registered as an absolute title, in the Registry Bureau ...... By this record of title it became liable for the taxes thereafter assessed thereon, and liable for damages sustained by the mortgagee by reason of their non-payment." This was in strict accord with the principles laid down in Penna. Co. v. Bergson, supra, as the law today.

Taxes in Philadelphia are assessed prior to the beginning of the tax year, and the whole tax is due at the *beginning* of the year: King v. Mt. Vernon Bldg. Assn., 106 Pa. 165; City of Phila. v. Penna. Institute, 28 Pa. Superior Ct. 421, 424; Theobald v. Sylvester, 27 Pa. Superior Ct. 362, 365. As the defendant was the real and registered owner of the land from May 13, 1929 to March 9, 1931 it was personally liable for the taxes for 1930 and 1931.

But the plaintiff's claim in this action is based on the equitable right of subrogation and is subject to countervailing equities: Reitenbaugh v. Ludwick, 31 Pa. 131, 141; Wells v. Van Dyke, 109 Pa. 330, 336; Scruggs v. Memphis & Charleston R. R. Co., 108 U. S. 368, 375; Integrity Trust Co., Trustee, v. St. Rita B. & L. Assn., supra.

The plaintiff, apparently, has in its possession rents belonging to the defendant, which it received and did not appropriate to the payment of interest or principal on the mortgage. Not having been so appropriated, in so far as those rents were not applied to necessary repairs and expenses in connection with the real estate, they remain the property of the defendant and should be credited on the taxes for 1931 claimed in this action. The defendant is not the mortgagor. It is the alienee of the mortgagor, a terre tenant in its restricted sense: Commonwealth Trust Co. v. Harkins, 312 Pa. 402, 408, 167 A. 278. It gave the plaintiff mortgagee no bond. The foreclosure of the mortgage ended the mortgage debt, as distinguished from the bond of the mortgagor which it secured. The plaintiff cannot apply the defendant's property in its hands to the deficiency under the mortgagor's bond. See Integrity Trust Co. v. St. Rita B. & L. Assn., supra. Hence the defendant is entitled to have credited on the plaintiff's claim for 1931 taxes any surplus of rents in its hands remaining after payment of necessary repairs and expenses; the plaintiff not having appropriated the same to the mortgage debt, interest or principal. It is not entitled to judgment for the 1931 taxes in full, but only to such balance, if any, as may remain after crediting on those taxes the amount of rents remaining in its hands after payment of necessary repairs and expenses on the property while it collected the rents as mortgagee. It is the only party in a position to present these figures and should do so on the trial. The defendant is not in a position to furnish accurately either the amounts of rent collected or the repairs and expenses paid therefrom. The judgment on the scire facias is conclusive as to the appropriation or nonappropriation of the rents to the mortgage debt.

But another matter needs correction. Judgment

was entered by the court below for water rents and meter rates for 1930 and 1931. This was error. Water rents are not taxes: Rieker v. City of Lancaster, 7 Pa. Superior Ct. 149; nor a "substitute for taxes": Shirk v. City of Lancaster, 313 Pa. 158, 169 A. 557. "When a city undertakes to supply water, it acts not by virtue of any right of sovereignty, but exercises merely the functions of a private corporation": Barnes Laundry Co. v. Pittsburgh, 266 Pa. 24, 36, 109 A. 535. "Water rates are simply charges for a commodity sold as any others sell commodities": Shirk v. City of Lancaster, supra, p. 173. Hence we have held that in the absence of a statute imposing upon owners of real estate a personal liability for water rents or water rates, while the property is in possession of their tenants, there is none: Theobald v. Sylvester, 27 Pa. Superior Ct. 362, 366; O'Donnell v. Neely, 66 Pa. Superior Ct. 351. See also City of Pittsburgh v. Phelan, 85 Pa. Superior Ct. 548, which held that in the absence of an act of assembly, special or general, authorizing it, a *municipal claim* could not be filed for water rents. The filing of a municipal lien in the City of Pittsburgh was authorized by special act of assembly. See City of Pittsburgh v. Phelan, supra, p. 551. The right to file such a lien was expressly withheld in the City of Philadelphia: Act of February 3, 1824, 8 Sm. L. 189, 192, sec. 8. General authority for such lien was attempted to be given by the Act of June 4, 1901, P. L. 364, but was ineffectual because its title was limited to taxes and municipal improvements: City of Pittsburgh v. Phelan, supra, 551. Hence *water rents* were not 'municipal claims' within the Act of April 4, 1907, P. L. 40, repealed by the Act of April 17, 1929, P. L. 527. The Act of May 16, 1923, P. L. 207, includes water rents or rates in its title, and authorizes the filing of a municipal lien or claim for them in Phila-

delphia. It does not appear in this case that municipal liens or claims were filed for these water rates. But, even if they were, authority to file such a lien or claim against real estate does not impose personal liability on the owner: McKeesport Borough v. Fidler, 147 Pa. 532, 23 A. 799. A municipal lien or claim against real estate is a proceeding in rem, not in personam. The judgment under it binds only the *res*. The writ of execution, on the judgment obtained on the scire facias issued upon it is 'Levari facias,' which is the appropriate writ of execution, in this State, against land on judgments in rem, (Hart v. Homiller's Exr., 23 Pa. 39, 43; Troubat & Haly's Practice, sec. 1437, Brightly's Ed.); while 'Fieri facias,' followed by 'Venditioni exponas,'—if inquisition and condemnation are not waived,—is the appropriate writ of execution on judgments in personam. Nor does the Act of April 17, 1929, P. L. 527, grant a municipality the right to bring an action of assumpsit against the *owner* of real estate, in possession of a tenant, for *water rents*. The municipal claims for which suit in assumpsit is authorized by that act are limited to such as relate to the 'improvement' of the property; for action is to be brought against "the owner or owners of the property at the time of the completion *of the improvement*," and the limitation of action is fixed at "three years after the *completion of the improvement* from which said claim arises." We pointed out in City of Pittsburgh v. Phelan, supra, pp. 550, 551, that *water rents* cannot be classed as 'municipal improvements,' saying: "The laying of water pipes in a street doubtlessly might be so designated, ........ but by no stretch of the imagination can the mere consumption of water be regarded as municipal improvements." The time of using or consuming water cannot be regarded as the 'completion of the improvement.'

The city having no right of personal action against an owner of real estate for water rents or water rates on property in the possession of a tenant, there was none to which the plaintiff as mortgagee purchasing under the mortgage foreclosure could be subrogated. The law remains the same in this respect as when declared in Theobald v. Sylvester, supra, and O'Donnell v. Neely, supra.

The judgment is modified by reducing it in amount to $974.99, the taxes for 1930, with interest from April 15, 1931, the date when paid; with leave to proceed for the amount paid for taxes for 1931, exclusive of water rents in both years.