## Baltimore Markets, Inc., *v.* Real Estate-Land Title & Trust Company, Appellant.

Argued October 16, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Thomas Burns Drum* of *Ballard, Spahr, Andrews & Ingersoll,* for appellant.

*B. Leon Brenner,* with him *B. I. DeYoung,* for appellee.

OPINION BY KELLER, P. J., December 11, 1935:

Defendant appeals from the entry of judgment against it for want of a sufficient affidavit of defense. The judgment must be reversed.

The facts as they appear in the plaintiff's statement of claim and defendant's affidavit of defense may be summarized as follows:

Plaintiff was the lessee of premises No. 5456 North 5th Street, Philadelphia, owned by New Budget Building & Loan Association. The lease called for the payment of a monthly rental of $100, payable in advance on the first day of each month.

Defendant held a mortgage for $15,000 on said premises, and on December 12, 1934, by reason of a default on the part of the owner, entered into possession as mortgagee and notified plaintiff to pay all rents in the future to it, as mortgagee in possession.

Pursuant thereto plaintiff, on January 1, 1935, paid defendant $100 rent for the month of January, 1935.

Thereafter, on January 3, 1935, defendant entered into an agreement in writing with Nathan Rosenberg, who was an officer, director and stockholder of the plaintiff company, reciting that Rosenberg was about to purchase the said premises from the owner, New Budget Building & Loan Association, the latter to pay all taxes and charges in excess of $400, and deliver a clear title, subject only to said first mortgage of $15,000; under which writing it was agreed between the parties that the defendant should sell and Rosenberg should buy said first mortgage of $15,000 for $13,000, provided the said Building and Loan Association, the owner, paid all taxes and charges in excess of $400 and delivered a clear title to said property except for the first mortgage held by defendant.

Pursuant to said negotiation and agreement the New Budget Building & Loan Association on January 17, 1935 conveyed the said leased premises to Rosenberg and one Bernard Z. Rose, who was also an officer, director and stockholder of the plaintiff company.

Thereafter the plaintiff paid Rosenberg and Rose, on their demand, the sum of $46.66, representing the proportionate rent of said premises from January 17, 1935 to January 31, 1935, and demanded of the defendant that the latter reimburse it for the money so paid. On defendant's refusal to pay plaintiff this amount of money the plaintiff brought this action, and obtained the judgment appealed from.

The mortgage was not foreclosed. The lease was in full force and effect when Rosenberg and Rose bought the real estate; and they took the property subject to the lease. Payment of the rent for the month of January 1935 had been made by the plaintiff, as tenant, agreeably to the terms of the lease, before the conveyance was made. It could not be required to pay it again

to the purchasers of the real estate. Whether paid to the owner, or to the mortgagee in possession on default of the owner, the payment protected the tenant, and it could not be compelled to pay it a second time: Bulger v. Wilderman & Pleet, 101 Pa. Superior Ct. 168; Randal v. Jersey Mortgage Investment Co., 306 Pa. 1, 158 A. 865. Any custom in force in Philadelphia as to an apportionment of the rent on conveyance of real estate, applied only between the seller and the purchaser of the premises. It could not affect the tenant who had already paid his rent according to the provisions of the lease. Where a tenant has paid his rent in advance, agreeably to the provisions of the lease, he cannot be required to pay it, or any part of it, a second time, to one who purchased the real estate from his landlord subject to the lease. Any apportionment of the rent already paid, whether the subject of an express agreement or the result of a custom in Philadelphia, must be worked out between the seller and the purchaser of the land. It is no concern of the tenant, for he is not affected by it. If the tenant, in an endeavor to assist the purchaser in his collection from the landlord, or for other reasons personal to himself, pays such purchaser the rent, or any part of it, which he had already paid agreeably to the provisions of the lease, he is, as to such payment, a mere volunteer, for he was under no legal compulsion to pay it; and he cannot recover it from his landlord; much less can he recover it from this defendant, who, on default of the landlord, entered into possession of the mortgaged premises in the enforcement of its rights under the mortgage, and received the rent as a quasi trustee for the landlord (Integrity Trust Co. v. St. Rita B. & L. Assn., 112 Pa. Superior Ct. 343, 348, 171 A. 283; Provident Trust Co. v. Judicial B. & L. Assn., 112 Pa. Superior Ct. 352, 355, 171 A. 287). What disposition the defendant, as mortgagee in possession, made of the rent received by it,—whether

it appropriated it to the overdue interest on the mortgage or applied it to necessary expenses of operation, repairs, insurance, taxes, etc.—is of no concern to this plaintiff. Nor have Rosenberg and Rose, either as purchasers of the real estate or as assignees of the mortgage,—if it was assigned to them, and not to Rosenberg alone,—any concern regarding it, beyond the right to ascertain from defendant whether the rent paid by plaintiff on January 1, 1935, for the month of January, 1935, had been applied to the interest due on the mortgage. They were not entitled to demand of the defendant that it pay the same or any part of it to them.

It happens, in this case, that Rosenberg and Rose by reason of their connection with the plaintiff company were, or should have been, in full possession of all the facts relating to the payment of this rent. But whether they were or not, the payment of the monthly rent by the plaintiff in advance on January 1, 1935, in accordance with the provisions of the lease, was a good and effectual payment as against the landlord, the owner of the premises, and also as against Rosenberg and Rose, who bought the leased premises subject to the lease. Any adjustment or apportionment of the rent for the month of January 1935 was a matter between the New Budget Building and Loan Association and Rosenberg and Rose, and no one else. And any payment on account of it made by the plaintiff, who was under no legal compulsion to make it, was done as a mere volunteer, without recourse over to either the Building and Loan Association or this defendant.

Judgment reversed with a procedendo.