Real Estate-Land Title and Trust Company et al.
*v.* Homer Building and Loan Association,
Appellant.

Argued September 29, 1939.

Before KELLER, P. J., CUNNINGHAM,
BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*B. I. DeYoung,* for appellant.

*Edward P. Loughran,* for appellee.

OPINION BY RHODES, J., January 30, 1940:

This case involves the relationship between an owner-lessor and a mortgagee in possession. Plaintiffs held a mortgage on premises known as the Dakota Garage, at 59th and Irving Streets, Philadelphia. Defendant held a second mortgage on the same property, and by foreclosure proceedings became the owner thereof. Plaintiffs' mortgage in the sum of $80,000 had been created on October 21, 1920. On November 12, 1931, defendant, the real and registered owner of the premises, which were then subject to plaintiffs' mortgage, leased the same to one Abraham Klivansky; the lease was for the term of three years and ten months. It was stipulated at the trial that the rental was $1,000 per month. The lease also contained the following provision: "40. In addition to the first month's rent, Lessee agrees to deposit with Lessor the sum of Twenty-five Hundred ($2500) Dollars to be held by the Lessor as a guarantee for the faithful performance of all the terms and conditions of the within lease. Should the Lessee fail at any time to live up to the terms and conditions of this lease, Lessor shall have the right to apply the said Twenty-five Hundred ($2500) Dollars on account of any default, without jeopardizing any other rights reserved to Lessor in such case, under the terms of this

lease. If the Lessee shall have faithfully lived up to all the terms and conditions of this lease, the said Twenty-five Hundred ($2500) Dollars shall be applied as rent for the last two months of the within mentioned term. Lessee shall be credited with and be entitled to interest, at the rate of five per cent. per annum, during such period of time as deposit shall remain as a guarantee for this lease, and such interest shall be payable, at the end of each calendar year, on said deposit."

Defendant received from the lessee all rent due and payable under the terms of the lease up to and including July, 1932. On July 27, 1932, plaintiffs went into possession with notice to the lessee to make payment of all future rent under the lease to plaintiffs. Plaintiffs were in possession as mortgagees from July 27, 1932, until December 12, 1932, when they took title to the premises under foreclosure proceedings by deed poll from the sheriff. During this period the lessee paid to plaintiffs $2,400 in various sums, and at various times, on account of the rent payable under the lease. The $2,500 which was deposited by the lessee with defendant on November 12, 1931, was appropriated by defendant for rent due and unpaid by the lessee for the months of August, September, October, November, and December, 1932.

The trial judge directed a verdict for plaintiffs. Defendant's motions for a new trial and for judgment n. o. v. were dismissed, and from the judgment entered on the verdict defendant has appealed.

The lease was made subsequent to plaintiffs'. mortgage, and the lessee paid by virtue of the lease to defendant the rentals due up to and including the month of July, 1932. On July 27, 1932, plaintiffs took possession with notice to lessee to pay the subsequent monthly rentals to them. Plaintiffs, as mortgagees and one in privity with defendant's title, were thereby substituted in place of defendant as the parties to whom payment

under the lease was thereafter to be made. When plaintiffs took possession on July 27, 1932, the right of defendant to receive the rents for its own use ceased. Plaintiffs as mortgagees were then entitled to the rents as security for the payment of the principal and interest on their mortgage debt, and could enter and collect the rents and hold them until through them, or otherwise, the debt was paid. *Bulger v. Wilderman and Pleet,* 101 Pa. Superior Ct. 168, 176. While in possession and collecting the rents as mortgagees, plaintiffs were quasi or constructive trustees for defendant, and would be obliged to account to the latter for the rents and profits so received. *Integrity Trust Co. v. St. Rita Building & Loan Ass'n,* 112 Pa. Superior Ct. 343, 348, 171 A. 283; *Baltimore Markets, Inc., v. Real Estate-Land Title & Trust Co.,* 120 Pa. Superior Ct. 40, 43, 181 A. 850.

As we said in *Provident Trust Company v. Judicial Building & Loan Ass'n et al.,* 112 Pa. Superior Ct. 352, at page 355, 171 A. 287, at page 289: "The rents so received by the mortgagee do not become his individual property until he has appropriated them to the interest or principal of the mortgage; and he is entitled to credit for necessary repairs and expenses incurred in the management of the property and taxes paid by him. The mere receipt of the rents does not operate as a payment on the mortgage as to either interest or principal."

On the other hand, any rentals which defendant collected under the lease from the lessee after plaintiffs entered into possession and notified the lessee to pay the rent to them were payable to plaintiffs on account of the mortgage debt, and defendant was therefore liable to account and pay to plaintiffs for the rents which it thus received. *Randal v. Jersey Mortgage Investment Co. et al.,* 306 Pa. 1, 6, 158 A. 865.

It would seem that if plaintiffs remained in possession as mortgagees until the termination of the lease, and there had been no default by lessee, defendant would have been obliged to account to plaintiffs for the $2,500

deposit which was to be applied as rent for the last two months of the term. But defendant, for default by lessee in payment of rent after plaintiffs took possession, endeavored to appropriate the deposit to its own use. By its own admission it made no appropriation for any default before plaintiffs took possession of the premises. It had no absolute title thereto merely by virtue of the deposit with the lease. When it did appropriate the $2,500 for default in the payment of rent plaintiffs were in possession, and the appropriation was for the rental defaults for the subsequent months of August, September, October, November, and December. The rentals for these months were payable to plaintiffs, and defendant's appropriation of the deposit was for the benefit of plaintiffs, and defendant had no right of retention. Of course the lessee, the tenant, remained bound by the lease, and had to pay the rent by virtue thereof; and, as said in *Brown, to use, v. Aiken,* 329 Pa. 566, at page 575, 198 A. 441, at page 445, "The acceptance of the rents and profits under a lease by a mortgagee in possession does not affect or alter the tenant's relationship to the parties. There is neither privity of estate nor privity of contract created by this act between the tenant and the mortgagee in possession." Defendant in its brief takes the position that it was entitled to the $2,500 from the first day of July, 1932, when it says there was a default in the terms and conditions of the lease by the tenant, the July rent not having been fully paid to defendant until July 12th. Defendant also contends that it was entitled to retain the $2,500 deposit because of the failure to return equipment by the lessee, a breach of a covenant in the lease. But the record contains defendant's own admission that defendant appropriated the $2,500 deposit to its own use after plaintiffs went into possession because of the lessee's default in not paying rent falling due thereafter. In the face of such an admission defendant's contentions cannot prevail. Defendant was clearly obliged to account and pay over to plain-

tiffs that which it received under the terms of the lease from the lessee while plaintiffs were in possession of the premises as mortgagees.

Defendant's principal contention is that the action must be resolved in favor of defendant because the matter is res judicata. Reference is made to a prior action of the same plaintiffs against the same defendant, which involved a suit for taxes levied against the mortgaged premises while defendant was in title, and which were paid by plaintiffs upon foreclosure. See *Real Estate-Land Title & Trust Co. et al. v. Homer Building & Loan Ass'n*, 124 Pa. Superior Ct. 17, 187 A. 824. The prior action was for taxes. Defendant admitted liability (see *Securities Guaranty Corp. v. Pacheto Co., Inc.*, 112 Pa. Superior Ct. 360, 363, 171 A. 291), and set up a counterclaim, first for the sum of $2,400, rents collected by plaintiffs from the lessee of the mortgaged premises, and second a similar amount representing rents which had accrued, and which plaintiffs had not collected from the lessee during the time plaintiffs were collecting the rents. The first counterclaim of $2,400 was allowed as plaintiffs had not attempted to credit such rents on account of the principal or interest of said mortgage debt until after judgment had been entered in foreclosure proceedings, and after suit had been commenced. As to the second claim, defendant offered no proof of plaintiffs' negligence in the collection of the rents. In that action the matter of the $2,500 deposit here involved was specifically excluded, and was no part of plaintiffs' claim. The causes of action are not identical. See *Brobston v. Darby Borough*, 290 Pa. 331, 337, 338, 138 A. 849.

It may well be that the situation would be different if defendant had accounted for the $2,500 which it appropriated for unpaid rents of the lessee, prior to the assessment of damages in the foreclosure suit, and plaintiffs had failed to give credit on account of the principal or interest of the mortgage debt.

Defendant also complains that the trial judge permitted plaintiffs to read into the evidence as admissions parts of paragraphs of an affidavit of defense without being required to read the qualifying portions thereof. We find no merit in this position of defendant, and are convinced that defendant was bound by its admissions.[1] The applicable law on this subject has been well stated in *Crew Levick Co. v. Philadelphia Investment Building & Loan Ass'n*, 117 Pa. Superior Ct. 397, 403, 177 A. 498.

After defendant appropriated the $2,500 deposit and applied the same against the rentals for which the lessee was in default, it could not, a year later, attach the same as the lessee's property in the possession of defendant. Although it is the law, as defendant states, that a plaintiff may attach a defendant's property in its own hands, such legal principles have no application to the facts in the instant case. Lessee had no property in the possession of defendant at the time of the attachment.

Judgment is affirmed.

---

[1] "It is admitted that Abraham Klibansky paid rents up to and including July 1, 1932."

"On the contrary the said Abraham Klibansky paid no rent from August 1, 1932, in accordance with the terms of the lease, committing a breach thereof and forfeiting any right to the said deposit of $2500."

"Defendant further avers that the said sum of $2500 was used by the defendant for rent due by the said Abraham Klibansky for the months of August, September, October, November and December, 1932, the rent due for these months amounting to the sum of $5,000."