## Stern, Appellant, *v.* Sanet.

Argued March 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Robert K. Greenfield,* with him *Thomas F. Devine* and *Sundheim, Folz, Kamsler & Goodis,* for appellant.

*Simon Mustokoff,* for appellees.

OPINION BY GUNTHER, J., July 19, 1951:

Harry Stern, appellant, filed his bill in equity against Louis Sanet and Aaron Sanet, appellee, to compel an accounting for rents received as mortgagee in possession. The trial judge sitting as a chancellor, after full consideration of the testimony, entered a decree directing appellant to pay appellee the sum of $1,913.79 on the ground that appellee was entitled to credits for repairs and improvements made. Exceptions filed to the chancellor's adjudication were dismissed and a final decree entered.

The bill avers, *inter alia,* that appellant acquired title to premises 738 Mercy Street, Philadelphia, on November 26, 1948, subject to a mortgage in the sum of $800; that appellee, Aaron Sanet, became holder of the mortgage by assignment dated September 11, 1935, through Louis Sanet, admittedly a straw party; that the rents received by appellee as mortgagee in possession are more than sufficient to discharge the indebtedness secured by the mortgage, and that there is a balance to which appellant is entitled.

The evidence discloses, and the chancellor so found that at the time the mortgagee entered into possession on September 11, 1935, the property had no rental value whatsoever, it was vacant, had been skeletonized

by vandals and was in a dilapidated condition. The property lacked doors, windows, floors, a heating system and an electrical system. The exterior walls were in a state of disrepair, the rear wall was gone, a new roof was needed, together with plastering, papering and painting throughout. There is evidence to support the finding that the mortgagee expended $3,200. for such repairs and improvements as were necessary to preserve the estate; that $2,016. was received as rentals from the premises from June, 1938, to January, 1949; that taxes, sewer rent and water rent totalling $838.14 had been paid by appellee. The mortgage had been in default since April, 1933. The debt plus interest amounted to $1,491.65. The court below allowed credits for repairs and improvements in amount of $1,600 and entered the decree requiring appellant to pay appellee the sum of $1,913.79. It is contended by appellant that the rental income from the property must be applied to the reduction of the mortgage. With this argument we cannot find fault, but by the same rule of equity we cannot ignore a claim for costs of repairs, taxes and other improvements which although not set forth specifically as to dates and amounts were reasonable and necessary to maintain the property. The appellee in this case was an elderly man, unable to read or write any language, and unable to keep records. He did, however, establish by his own testimony and that of his witnesses that large sums of money were spent for repairs, improvements and taxes. Appellant himself admits that at least $700 should be allowed appellee for the repairs in question. No testimony was presented to contradict the mortgagee or his witnesses that the amounts for repairs were spent or that they were unreasonable.

The question, therefore, becomes whether under the evidence and the law the chancellor erred in allowing the mortgagee in possession credits for repairs, taxes

and water rents, and failed to charge appellee for sufficient amounts regarding rentals received. In regard to allowance for repairs, it was said in *Harper's Appeal*, 64 Pa. 315, at page 321, that: ". . . the mortgagee is to be allowed the expense of necessary repairs, and beyond that the rule is not inflexible; but it is subject to the discretion of the court, regulated by the justice and equity arising out of the circumstances of each particular case". There is abundant evidence in the record establishing that appellee initially expended $2,000 to make the property habitable, and $1,200 thereafter for periodic repairs. The court below reduced these repairs to $1,600 or one-half the amount claimed on the ground that an owner should not be subjected to heavy charges and perhaps improved out of his estate by one who has no interest in it beyond that of security for his loan: *Harper's Appeal,* supra. We find no error in the allowance by the court below of this amount for repairs and improvements necessary to preserve the estate.

On the question of accounting for rents collected by the mortgagee in possession, the court below stated: ". . . it should be noted that the fair rental value of the mortgaged property must be determined upon the basis of the condition of the property when the mortgagee takes possession, and that enhancement in value by reason of improvements made by him must not be considered: 36 Am. Jr. §307, page 843. See Givens v. McCalmont, 4 Watts 460, 464 (1835); Appeal of Harper, 64 Pa. 315, 321, 322 (1870). Here the property had no rental value whatsoever when defendant entered into possession, and under the authority of the above stated rule it would appear that defendant need not account for any rents collected by him. However, it is only equitable that since defendant is allowed a credit of $1,600.00 for repairs and improvements he should be made to account for the rents received.

452

"The chancellor was favorably impressed with the appearance, demeanor and credibility of defendant and his witnesses. On the other hand, the chancellor did not believe the testimony of plaintiff's witnesses as to the amount of rent, they claimed was paid to defendant."

There is no merit to appellant's complaint that the evidence is wholly insufficient to support the decree. The chancellor did not err in allowing credit for reasonable and proper amounts for repairs and taxes without necessarily demanding proof of specific dates and items. The failure to keep detailed accounts did not preclude appellee from receiving credit for reasonable sums expended. *Wells v. VanDyke*, 109 Pa. 330-334; *Real Estate-Land Title v. Homer Building & Loan Association*, 138 Pa. Superior Ct. 563, 566, 10 A. 2d 786. To justify our reversing the findings of a chancellor on a question of fact, clear and plain error must be pointed out, and if the findings are supported by sufficient evidence, the appellate courts will not disturb them. There is abundant evidence to support the chancellor's findings in this case.

Decree affirmed.