# Blythe Township School District, Appellant, *v.* Mary-D Coal Mining Company, Inc.

408

Argued April 9, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

reargument refused June 25, 1946.

*Raymond L. Brennan,* with him *Richard D. Holahan* and *Paris J. DeSantis,* for appellant.

*Ralph M. Bashore,* for appellee.

OPINION BY MR. JUSTICE DREW, May 27, 1946:

The School District of the Township of Blythe, Schuylkill County, plaintiff, brought this suit in assumpsit, under the provisions of the Act of June 20, 1939, P. L. 508, section 2(b), against Mary-D Coal Mining

Company, Inc., defendant, to recover delinquent and unpaid school taxes for the years 1939 to 1942, inclusive, together with penalties and interest. Defendant filed an affidavit of defense, denying liability on the ground that the coal lands upon which the taxes were assessed and levied by plaintiff were sold by virtue of a treasurer's sale to the County Commissioners of Schuylkill County on September 15, 1942, and a deed delivered. From the order entered by the learned court below dismissing plaintiff's motion for judgment for want of a sufficient affidavit of defense, plaintiff has appealed.

The sole question before us is whether or not section 2(b) of the Act of 1939, supra, authorizes a taxing authority, such as plaintiff, to bring an action in assumpsit against a delinquent taxable to recover unpaid taxes assessed and levied against the real estate while the taxable was the registered and record owner of the property, although at the time of the suit, title to the property had passed to the county commissioners by reason of a tax sale.

Section 2 of the statute provides: "Collection by Suit by the Collector of Taxes and by the Taxing Authorities. —(a) Each such collector of taxes may institute a suit in assumpsit against a delinquent taxable for the collection of any real estate taxes due and unpaid after the fifteenth day of May of the year following the year in which the taxes were levied and assessed if (1) the property against which such taxes were levied has not been returned to the county commissioners; and (2) such taxes have not been certified for entry of liens; and (3) such taxes are not held in the custody of a court as herein provided. Execution may be had upon any such judgment recovered, without any stay or benefit of any exemption law. (b) In addition to all other remedies provided by this act, each taxing district shall have power to collect unpaid taxes from the persons owing such taxes by suit in assumpsit or other appropriate remedies. . . . The right of each such taxing unit to collect unpaid

taxes under the provisions of this subsection shall not be affected by the fact that such taxes have been entered as liens in the office of the prothonotary, or the fact that the property against which they were levied has been returned to the county commissioners."

The provisions of section 2(b) are clear, explicit and free from all ambiguity. Each taxing district is thereby given the right to recover delinquent taxes by an action in assumpsit. There are no limitations or restrictions placed upon this authority. Such right is to be had even in the cases which are expressly prohibited to collectors of taxes by section 2(a).

The court below was of the opinion that "The act however does not go as far as permitting a taxing district to bring an action in assumpsit against a taxpayer whose property has been sold for taxes and the period of redemption has expired." There is no such limitation in section 2(b). We do not agree with the court that if plaintiff was permitted "to collect the unpaid taxes in this suit, there is a probability that it might be paid twice, once as a result of the action in assumpsit and once from the money realized from the sale of the property by the County Commissioners." By the Act of July 28, 1941, P. L. 535 (which statute was apparently not called to the attention of the learned court below), the former owner is permitted to redeem his property where it has been purchased at a tax sale by a political subdivision ". . . so long as the title thereto remains in said political subdivision . . . whether or not the period during which the right of redemption existed shall have expired." In the instant case, since the property is still in the hands of the county commissioners, under our law it is not beyond the reach of the taxable, as the court below presumed, and for that reason upon payment of all the taxes assessed against the property, the taxpayer has an absolute right to recover his real estate, irrespective of any redemption period. Upon the payment of any judgment which may be entered in the present action,

credit to that extent must be allowed; and when all remaining taxes on the real estate are paid by the taxable, he is entitled to redeem his property. Likewise, if the property is sold by the county commissioners, the taxing district can sue the taxable in assumpsit only for the amount of delinquent taxes assessed while that taxable was the owner and which remain unpaid after the application of the proceeds of that sale to the tax debt. There is no possibility that a taxable may be subjected to double taxation.

Order reversed, and record remitted to the court below, with directions to sustain plaintiff's motion for judgment for want of a sufficient affidavit of defense and to enter judgment against defendant for such sum as to right and justice may belong.