674

## Douds' Petition

*Thompson Bradshaw and J. Frank Kelker*, for petitioners.

*Lee Whitmire* of *Swaney & Lucas*, for respondent.

MCCREARY, P. J., May 14, 1947.—This is a petition by Selma L. Douds and Andrew E. Douds for the adjudication of title to real estate purchased at tax sale. From the facts set forth in the petition and answer to the rule it appears that prior to May 1, 1940, petitioner, Selma L. Douds, and respondent, Ella M. Milnes, together with Carl R. Douds, Oliver V. Douds, Mabel L. George, M. Helen Erwin, Cecil Brown, Agnes Douds Bulford, Andrew E. Douds, Oliver A. Douds and Nettie May Douds were owners as tenants in common of a parcel of real estate fully described in the petition. In the petition it is referred to as a certain parcel or tract of land located in the Township of Hopewell, County of Beaver and Commonwealth of Pennsylvania, containing 40 acres, bounded and described as follows: . . .

On May 1, 1940, the property was sold at treasurer's sale for taxes, and, pursuant to statute, was purchased by the Commissioners of Beaver County. On September 4, 1942, Selma L. Douds, then a tenant in common, with the others above mentioned, purchased the said land from the Commissioners of Beaver County as alleged in the petition. After the sale, Selma L. Douds purportedly conveyed an undivided one-half interest in the premises to Andrew E. Douds, the other petitioner appearing in this proceeding.

Selma L. Douds and Andrew E. Douds then presented a petition for perfection of their title and had a rule issued upon Ella M. Milnes, and the other tenants in common above named, to appear within 60 days and show cause why the title should not be declared valid. Within the proper period Ella M. Milnes duly filed an answer to the rule and the case was argued before the court en banc on April 8, 1947. Ella M. Milnes being the only tenant in common who answered the rule, this court did, on March 22, 1947, enter a final decree declaring the title in Selma L. Douds and Andrew E. Douds to be good, and decreed that the rule issued in the proceedings be made absolute and that hereafter all rights and claims of those against whom the rule was made absolute, except the claim of Ella M. Milnes with respect to the land above described, shall be totally barred. We have, therefore, before us for consideration at the present time only the question of the right of Ella M. Milnes, if any, in the land in question. As may appear hereinafter in this opinion, we conclude that the rights, if any, of the other tenants in common have been barred by their failure to answer the rule after due notice, as required by law; the rule having been, as mentioned heretofore, made absolute, on motion of the attorney for petitioners, as to the other tenants in common, and their rights in the land in question, if any they had, being now forever barred by the former decree of this court.

The single question involved in this case now under consideration is, therefore, whether or not one tenant in common can purchase land at a commissioner's sale and hold the title thus acquired as against the other co-tenant.

The answer to the question is unquestionably no.

The argument, as it appears in the written brief of Lee Whitmire, Esq., of the law firm of Swaney & Lucas, states the law on the subject so lucidly that the court adopts his argument in toto as being the law of the case. It is as follows:

"The fundamental law governing the relationship of co-tenants is to the effect that one co-tenant cannot purchase an outstanding encumbrance against the other co-tenants. Thus, it is well settled in Pennsylvania that one co-tenant cannot purchase at a sheriff's sale and hold the property adversely as against the other co-tenants. Such is the law as set forth in Gibson et al. v. Winslow, 46 Pa. 380 (1863), where the Supreme Court held that where land owned jointly by three is purchased by one at sheriff's sale on an execution against them, he cannot set up his purchase adversely to them; at most he can only hold the former interest of his co-tenants as their trustee. This principle was reaffirmed in McGranighan et al. v. McGranighan et al., 185 Pa. 340 (1898). To the same effect is Enyard v. Enyard, etc., et al., 190 Pa. 114 (1899), in which the Supreme Court held that where one of two tenants in common dies, and his widow immediately after his death buys the property at a sheriff's sale had under proceedings to collect arrears of ground rent, she cannot set up the title thus acquired to the exclusion of other tenants in common. Her dower interest in the land gives her such an estate as will bring her within the general rule that where one is interested with another in an estate, an implied obligation arises to sustain the common interest.

"This court has recognized the above principles as being the law of Pennsylvania and the law pertaining

thereto is fully set forth in Baker v. Diamond, 6 Beaver Co. Legal Journal 13, where President Judge Reader in a very able opinion held that one co-tenant cannot acquire an outstanding encumbrance which binds the interest of all, and by foreclosure proceedings and purchase thereunder, acquire a title adverse to his co-tenants because he will hold the property in trust for himself and them.

"It is also definite that one co-tenant cannot purchase property at a tax sale and hold the title adversely to the other co-tenants. Thus in In re Petition of Emma Parris, 1 Beaver Co. Legal Journal 50, which involved purchase at a treasurer's sale, this court, in an opinion by President Judge Reader, held that one co-tenant of property will not be permitted to acquire an exclusive title to land through a purchase of it at a tax sale. President Judge Reader held that the principle was applicable in the Parris case even though the petitioner and respondent were not technically co-tenants of the land.

"Counsel for the petitioners bases his case on the contention that since a period of two years lapsed between the treasurer's sale to the county commissioners and the purchase by the petitioner from the county commissioners, title at the time of purchase by petitioner was then vested absolutely in the county commissioners by reason of lapse of the redemption period and, therefore, the commissioners would have absolute title. This is followed by the argument that since the commissioners have absolute title after the two-year period, there was no longer a relationship of tenancy in common between the petitioner and respondent and, therefore, the petitioner could purchase a good title.

"This argument on behalf of the petitioners is falacious because of the fact that under the Act of July 28, 1941, P. L. 535, 72 PS §6105.1, the commissioners do not acquire an absolute title after lapse of the two-year

period as against the former owners of the real estate involved. The said act specifically provides for a redemption by former owners until such time as the commissioners no longer have title, regardless of lapse of the ordinary two-year redemption period. This interpretation of the statute is affirmed by the Superior Court decision of Roth Appeal, 159 Pa. Superior Ct. at page 145, and the Supreme Court decision of Blythe Township School District v. Mary-D Coal Mining Company, Inc., 354 Pa. 407 (1946), at page 410. In the Blythe decision the Supreme Court stated as follows (p. 410) :

" 'In the instant case, since the property is still in the hands of the county commissioners, under our law it is not beyond the reach of the taxable, as the court below presumed, and for that reason upon payment of all the taxes assessed against the property, the taxpayer has an absolute right to recover his real estate, irrespective of any redemption period.'

"In view of the above statutory provisions and the decisions thereunder, it is clear that so far as the owners of the land are concerned, purchase by the county commissioners is merely one more step in the tax sale procedure and, in view of the above cases, it is equally clear that the co-tenancy relationship is not terminated by purchase by the county commissioners and lapse of a two-year period. Also, since the law provides that the owners can redeem the land as long as title to the property is in the hands of the county commissioners, the inevitable conclusion is that the purchase by the owner at commissioner's tax sale constitutes a redemption of the property. This result is inevitable in view of the fact that even though other prospective purchasers would bid at the sale, the owner could prevent the other purchasers from getting the property by paying the taxes at any time prior to actual conveyance of the legal title by the commissioners." Roth Appeal, 159 Pa. Superior Ct. 145.

The principle of law involved in the decisions of the case under consideration is well stated in the case of Tanney et al. v. Tanney, 159 Pa. 277, as follows (p. 282) :

"Each one of two or more tenants in common of land stands in a relation of confidence to his cotenants with reference to the common property. If one of them purchases an outstanding title, and undertakes to claim under it the common property as against the others, if they contest it, his claim will not be allowed; because it must be presumed that each, as regards the common interest, acts for all; the same principle is invoked as is enforced between all persons who occupy towards each other a fiduciary or confidential relation.

"The rule, as deduced in Weaver v. Wible, 25 Pa. 270, from the many authorities there cited, is that 'Community of interest produces community of duty.' And further: 'A conveyance to one of several tenants in common, or a deed to one of two devisees of the same land, shall enure to the benefit of all who came in under the same title, and are holding jointly or in common. Where several persons have a joint or common interest in an estate, it is not to be tolerated that one shall purchase an incumbrance or an outstanding title, and set it up against the rest for the purpose of depriving them of their interests. Chancellor Kent with great truth remarked, "that such proceeding would be repugnant to a sense of refined and accurate justice, and would be immoral, because it would be against the reciprocal obligation to do nothing to the prejudice of each other's claim which the relationship of the parties created." All that can be demanded is contribution from each to the expense of any purchase which releases the common interest from embarrassment.' And, as is said in Chorpenning's Appeal, 32 Pa. 315, 'the rule is inflexible, without regard to the consideration paid, or the honesty of intent. Public policy requires this, not only as a shield to the parties represented, but

as a guard against temptation on part of representatives.' "

For a collection of all of the cases in Pennsylvania carrying out the doctrine involved in the case at bar see 37 Vale's Pa. Digest 850, 856, §§19 and 20, as well as the annotations in the pocket parts.

It is clear from a consideration of all these cases that Selma L. Douds and Andrew E. Douds hold the title to the land in question as trustees insofar as the undivided one-eleventh interest of the respondent Ella M. Milnes is concerned, and they can be required to convey to the respondent the undivided one-eleventh interest which she owns in the land as a tenant in common, upon her tendering and paying to them one eleventh of all of the expenses involved in their acquisition of the whole title, including all of the expense of preparing and recording and stamping a deed therefor, and including interest on the amount of money which petitioners have paid out to acquire title to the whole of the land from the time of paying the money out down to the date of execution and delivery of the deed and payment by the respondent of her share of the expense of such acquisition.

Lastly, although it is not necessary for us to decide the question in this present proceeding, we do cite the case of Richards v. Richards, 31 Pa. Superior Ct. 509, wherein it is said that a title acquired by a joint owner adversely to his cotenants, is not absolutely void, but may be ratified by those whose interests are affected and thereby become a valid title. As mentioned above in this opinion, nine of the tenants in common failed, neglected and refused to answer the rule which was issued and served upon them to show cause why the title in Selma L. Douds and Andrew E. Douds should not be declared valid and indefeasible by the court. Having failed to answer the rule the court entered a decree validating the title in the hands of Selma L. Douds and Andrew E. Douds insofar as it affected any.

claim which might have been asserted by the other nine tenants in common. We are of the opinion that the decree of the court entered on May 22, 1947, amounts to a declaration by the court and a decree by the court to the effect that the purchase by Selma L. Douds at the commissioners' sale is good and valid and has been ratified by the other nine tenants in common who failed to avail themselves of their day in court to contest the right of Selma L. Douds and Andrew E. Douds to hold the title to the land in question otherwise than as trustees for them. As to them they are forever barred from asserting such a claim against either Selma L. Douds or Andrew E. Douds.

It is not necessary for us to decide that the action of Selma L. Douds in purchasing the land in question at commissioners' sale was the equivalent of a redemption by a cotenant. It is sufficient that we determine, and we do so find, that immediately prior to the drop of the auctioneer's hammer she was a tenant in common with 10 brothers and sisters and as such had in common with the others a redeemable interest in land. Such being the case when she purchased the outstanding title she acquired the land as trustee for herself and the other cotenants, including Ella M. Milnes.

We therefore make the following

### Order

Now, May 14, 1947, upon consideration of the matters referred to in the above and foregoing opinion, it is now ordered, adjudged, and decreed that petitioners, Selma L. Douds and Andrew E. Douds, hold the title to the property described in the foregoing opinion in trust for themselves and Ella M. Milnes, the said Ella M. Milnes being seized of an undivided one-eleventh interest in said property, subject to her obligation to reimburse the said Selma L. Douds and Andrew E. Douds to the extent of one eleventh of the money paid by them to acquire the legal title to the en-

682

tire property, she to pay to petitioners, Selma L. Douds and Andrew E. Douds, one eleventh of all moneys expended by them to date, with interest thereon from the date of the expenditure, the costs of this proceeding, including advertising costs to be included as part of the expenditure; it is further decreed that petitioners execute and deliver to the said Ella M. Milnes a deed conveying an undivided one-eleventh interest in the property described in the petition, at the cost of said Ella M. Milnes, so as to effectually vest in the said Ella M. Milnes an undivided one-eleventh interest in both the legal and equitable title in the property in question.