## Reilly Township School District, Appellant, *v.* Pardee et al.

284

Argued April 14, 1949. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Leroy Long*, with him *Charles L. Frank*, for appellant.

*David B. Skillman*, with him *Paul Bedford* and *Bedford, Waller, Jones & Darling*, for appellees.

Opinion by Mr. Justice Jones, May 23, 1949:

The appellant school district seeks to fasten personal liability upon the individual defendant for taxes owing over a period of years on real estate the title to which stood of record in the names of the individual defendant and another as trustees under a duly recorded deed of trust. The other trustee having died, the plaintiff instituted suit against the survivor individually and as surviving trustee of the indentured estate. The defendant impleaded the Philadelphia & Reading Coal & Iron Company as an additional defendant, but, in view of the questions of law to which the appellant limits

this appeal, the fact that there was an additional defendant is of no present significance.

From the pleadings, whereon the matter was disposed of below, it is evident that the sole purpose of the suit was to impress personal liability on the individual defendant for the unpaid taxes on trust real estate. It affirmatively appears that the real estate involved is no longer a trust asset, having been sold to the county on tax liens, and that there are no longer any assets whatsoever in the trust estate. The individual defendant filed preliminary objections to the plaintiff's original and amended complaints, raising a question of law as to his non-liability personally. The learned court below sustained the objections and, accordingly, entered judgment for the defendant from which the plaintiff appealed.

The suit is founded on the right of action conferred by the "Local Tax Collection Law" of 1945,[1] Section 21(b) of the Act providing, in presently material part, that "In addition to all other remedies provided by this act, each taxing district shall have power to collect unpaid taxes from the *persons owing such taxes* by suit in assumpsit or other appropriate remedy" (Emphasis supplied). We have no hesitancy in holding that, as to taxes levied and assessed against real estate the record title whereto is in a trustee, the latter, in his personal capacity, is not the person owing such taxes. As we recently said in *Frailey Township School District v. Schuylkill Mining Company,* 361 Pa. 557, 563, 64 A. 2d 788, with reference to the same section of the Act of 1945,—"Personal liability for taxes on real estate in Pennsylvania is an incident of record ownership of land at the time of the assessment and levy of the taxes covered by the liability," citing *Pennsylvania Co. for Insurances, etc., Trustee, v. Bergson,* 307 Pa. 44, 49-50,

---

[1] Act of May 25, 1945, P. L. 1050, 72 PS §5511.1.

159 A. 32. Cf. *Blythe Township School District v. Mary-D Coal Mining Company, Inc.*, 354 Pa. 407, 411, 47 A. 2d 535, and *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 352, 356, 171 A. 287. See also *Frick v. Driscoll*, 129 F. 2d 148, 152 (C. C. A. 3). It is manifest, therefore, that the present action cannot be maintained against the individual defendant in his personal capacity within the intendment of the Act of 1945.

Judgment affirmed.