## Tremont Township School District *v.* Western Anthracite Coal Company, Appellant.

Argued April 13, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Earl G. Harrison,* with him *Roy P. Hicks, Ralph M. Bashore, Louis F. Floge, Wm. A. Schnader, Hicks, Williamson & Friedberg, Bashore & Bashore* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*Henry Houck,* with him *Charles L. Frank,* for appellee.

OPINION BY MR. JUSTICE JONES, May 22, 1950:

The defendant appeals at No. 172 from the money judgment in favor of the plaintiff entered by the court below on the pleadings on June 20, 1949,[1] and at No. 173 from an order of the court below on January 30, 1950, discharging the defendant's rule on the plaintiff to show cause why the judgment above mentioned should not be opened. We shall treat first with the appeal from the judgment as that raises the appellant's questions as to its merit.

The action, being in assumpsit, was instituted by the plaintiff, a school district of the fourth class, for the purpose of obtaining a judgment *in personam* against the defendant company for unpaid taxes with penalties for the years 1939 to 1947, both inclusive, assessed against the defendant as owner of the realty covered by the assessments. Passing by a preliminary procedural

---

[1] On defendant's motion, the court on July 2, 1949, granted a rule on the plaintiff to show cause why reargument of the case should not be had and *stayed all proceedings pending determination of the rule.* By order entered on January 30, 1950,. the court discharged the rule and the defendant took the appeal at No. 172 from the judgment.

skirmish and an intervening motion for judgment on the pleadings (refused without prejudice with leave to the defendant to answer over), we come at once to the lower court's entry of judgment for the school district on the plaintiff's subsequent like motion.

The complaint set forth nine separate causes of action, one for each of the tax years involved. The defendant's amended answer expressly admitted all of the material averments of the complaint, including averments common to all of the causes to the following substantial effect: that the defendant company became the owner of the therein described seated lands in Tremont Township, Schulykill County, on *December 20, 1938;* that, for the year 1939, the aforesaid seated lands of defendant were assessed in Tremont Township at a specified valuation; and that, for the fiscal year embraced by the particular cause of action, the Board of Directors of the school district levied a tax of so many mills per dollar of assessed valuation of all lands situate in Tremont Township for school purposes. In addition thereto, the facts averred by the complaint as to the amount of the taxes so assessed, the defendant's failure to pay the same and the amount of such taxes remaining unpaid were not categorically denied. The defendant's denial thereof consisted solely of its own legal conclusion of nonliability for reasons set out under new matter in the amended answer.

The defenses thus interposed by the defendant were (1) that the causes of action pleaded by the plaintiff for the first three of the tax years involved were barred by the statute of limitations contained in Sec. 312 of the Real Estate Tax Sale Law of July 7, 1947, P. L. 1368 (72 PS §5860.312, Pkt. Part), and (2) that the school district was not a proper party to institute the action, the unpaid taxes having been returned or transferred to the Tax Claim Bureau of the County pursuant to Sec. 312 of the Real Estate Tax Sale Law, supra. After filing

an amended reply to the new matter of the defendant's amended answer, the plaintiff again moved for judgment on the pleadings; and, after argument on the motion, the learned court below entered the above-mentioned judgment on June 20, 1949, supported by an able and exhaustive opinion by Judge DALTON.

The limitation imposed by Sec. 312 of the Act of 1947, supra, was not pertinent to any of the causes of action pleaded by the plaintiff. The appellant's own express allegation renders that certain. By the terms of Sec. 312, the action of assumpsit and the limitation thereon obtain only ". . . where a tax has not been returned or transferred as required by this act." In such regard, the defendant's amended answer alleges that, pursuant to the Real Estate Tax Sale Law, the taxes in suit were returned or transferred to the Tax Claim Bureau on April 21, 1948, which was within the time prescribed therefor by the Act. Consequently, the defendant, by its own pertinent pleading, confirms the inapplicability of the limitation in Sec. 312 of the Act of 1947, supra.

But, even if the limitation of Sec. 312 were presently germane, the action in assumpsit on the first three causes was still timely. Indisputably, there was no period of limitation on actions for taxes prior to Sec. 312 of the Act of 1947, supra. Tax suits were not within the purview of the statute of limitations of March 27, 1713, 1 Sm. L. 76, Sec. 1, 12 PS §31; cf. *Frailey Township School District v. Schuylkill Mining Company*, 361 Pa. 557, 560-561, 64 A. 2d 788. The limitation of action contained in Sec. 312 was new law and, being such, could become effective as to existing tax claims only after a reasonable period of time had elapsed following the enactment within which suit could be brought to recover on such claims: see *Philadelphia, Baltimore & Washington R. R. v. Quaker City Flour Mills Co.*, 282 Pa. 362, 370, 127 A. 845; *Turner v. New York*, 168 U. S.

90, 94; *Wheeler v. Jackson*, 137 U. S. 245, 256; and *Terry v. Anderson*, 95 U. S. 628, 632-633. Under Sec. 102 of the Act of 1947, supra (72 PS §5860.102 Pkt. Part), that Act did not become operative in Schuylkill County until February 1, 1948, when it did become effective there through the failure of the County Commissioners by that date to elect, by formal resolution, not to accept the Act. The instant action was instituted on February 3, 1948, just two days after Sec. 312 had thus become effective in Schuylkill County,—obviously not an unreasonable delay. Construed otherwise, the Act would have had the effect of arbitrarily cutting off without remedy the school district's tax claims which, for the first three years in question, were already more than six years old when the Act became operative in Schuylkill County on February 1, 1948. Such a construction would work a deprivation of the plaintiff's property without due process of law in violation of both the Federal and State Constitutions,—an interpretation which a familiar and fundamental rule of statutory construction would forbid (Statutory Construction Act of May 28, 1937, P. L. 1019, Sec. 52(3), 46 PS §552(3)) even if the language legislatively employed were reasonably susceptible of any such meaning.

In support of its second defense that ". . . the plaintiff is not a proper party to institute this action in assumpsit for the collection of said taxes", the appellant states in its brief that ". . . a reading of its provisions [viz., Act of 1947, supra] discloses the undoubted intention of the legislature to make the county tax claim bureau the one and only agency for the collection of delinquent taxes, except in certain definitely specified and limited cases." The fact of the matter is that nowhere does the Act of 1947 confer upon the Tax Claim Bureau power to enforce *by an action in assumpsit* the taxable's personal liability for delinquent taxes. However, that right *is* conferred upon the plaintiff school

district by the School Code of May 18, 1911, P. L. 309, Sec. 503, 24 PS §384, and by the Local Tax Collection Law of May 25, 1945, P. L. 1050, Sec. 21(b), 72 PS §5511.21(b), Pkt. Part. The appellant apparently confuses an action *in rem* to preserve a tax lien (e.g., under the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS.§2021 et seq.) and an action *in personam* under the School Code of 1911, supra, and the Local Tax Collection Law of 1945, supra, to enforce the taxable's personal liability for delinquent taxes. The powers of the Tax Claim Bureau under the Act of 1947 are limited to the enforcement of the lien of the taxes (levied against lands) by sequestration or sale thereof. As the learned judge of the court below aptly observed,—"If the personal liability of the taxable may still be enforced by action in assumpsit, where the taxes have been returned under the Act of 1947, *only the taxing district* has statutory authority to bring the action" (Emphasis supplied). With that conclusion, we fully agree. Nor are we able to see wherein such statutory authority has been minimized or impaired in any way by the Act of 1947.

The appellant insists, however, that, inasmuch as Sec. 312 of the Act of 1947 allows for a suit in assumpsit by the taxing district for the recovery of unpaid taxes where the lien thereof *has been lost* through failure to return or transfer such taxes timely to the Tax Claim Bureau, there is no such right of action in the taxing district for the recovery of unpaid taxes which *were* returned or transferred as required by the Act. That contention is a patent *non sequitur*. The provision in Sec. 312 concerning a suit in assumpsit by the taxing district to recover taxes due and owing where the lien thereof was lost by failure to return or transfer them as required by the Act was inserted in order to insure that, even though the lien of such taxes was gone, the taxing district's right to sue therefor in assumpsit still

remained unimpaired except as the six-year period of limitation is imposed by Sec. 312 on an action in such circumstances. In reality, the provision confirms the continued right of the taxing district to sue the taxable in assumpsit for unpaid taxes. Sec. 312 does not purport to confer such a right. It merely recognizes that a taxing district *may nevertheless proceed*, under its power otherwise existing, to recover the amount of such taxes by an action in assumpsit even though the lien of the taxes no longer endures.

The appellant's contention that the Act of 1947 impliedly repealed Sec. 21(b) of the Local Tax Collection Law of 1945, supra, is untenable. Admittedly, there was no express repeal of the 1945 Act. But, the appellant argues that, as the Act of 1947 is a local option law in that it became operative only in those counties of the specified classes which failed to reject it, the Act of 1945, supra, which is applicable to all counties in general, could not be repealed specifically without depriving, of its benefits, those counties which rejected the Act of 1947. Consequently, the appellant asserts that the only effective way to deal with the Act of 1945 was by a general repealer in the Act of 1947 of any acts or parts of acts inconsistent therewith. Wherefore, the appellant contends that an inconsistency exists between Sec. 312 of the Act of 1947 and Sec. 21(b) of the Act of 1945. However, no such inconsistency is apparent when Sec. 312 is given its proper intent and construction. Moreover, to say that the general Act of 1945, supra, which contains no local option provision, can be nullified as to certain counties of the State by their local exercise of an option conferred by an entirely different statute would be to carry repeal by implication to an unheard-of extent.

On the basis of the pleadings, the judgment appealed from at No. 172 was properly entered.

The appeal at No. 173, which questions the action of the court below in refusing to open the judgment on the defendant's petition, brings on for review no more than the lower court's exercise of its discretion:. *Keystone Bank of Spangler v. Booth*, 334 Pa. 545, 550, 6 A. 2d 417. We predicate nothing on the fact that the petition to open was filed after the term at which the judgment was entered even though it is at least questionable whether the stay granted on the rule for re-argument operated to relieve the defendant of the duty to act timely if it wished to move to reopen. In the situation here present, it is unnecessary to go into that.

The petition to open the judgment is devoid of any merit. The defendant recites the fact that on *March 21, 1949*, this court handed down its decision in *Frailey Township School District v. Schuylkill Mining Company*, supra, holding that no personal liability can be asserted for real estate taxes assessed after the property had been sold for nonpayment of taxes, and then assigns as its reasons for opening the judgment that, although such a factual situation existed with respect to *some* of the causes of action in suit (without specifying any), that fact was not set forth in the defendant's amended answer for the reason that, when that pleading was prepared, the defendant did not have the benefit of the decision in the *Frailey Township* case, supra; and that the failure of the parties to consider the doctrine enunciated in that case ". . . constituted a mutual mistake of law." In short, the defendant relies on its alleged ignorance of the law in failing to aver material facts in its amended answer. Such an excuse is manifestly unavailing. In *Pennsylvania Stave Company's Appeal*, 225 Pa. 178, 182, 73 A. 1107, this court pertinently quoted as follows: " 'In no case is ignorance or mistake of law with a full knowledge of the facts per se a ground for equitable relief:' Norris v. Crowe, 206 Pa. 438."

Moreover, the *Frailey Township* case, supra, did not announce any new principle of law as the opinion in that case plainly recognized by its citations, viz., *Pennsylvania Co. for Insurances, etc., Trustee, v. Bergson*, 307 Pa. 44, 49-50, 159 A. 32; *Blythe Township School District v. Mary-D Coal Mining Company, Inc.*, 354 Pa. 407, 411, 47 A. 2d 535; and *Provident Trust Co. v. Judicial B. & L. Assn.*, 112 Pa. Superior Ct. 352, 356, 171 A. 287.

Furthermore, the defendant was, or had good cause to be, fully informed as to the principles of law involved in the *Frailey Township* case in plenty of time to have incorporated in its amended answer any facts it was capable of averring relevant to the questions of law present in the *Frailey Township* case which, incidentally, had also arisen out of the Court of Common Pleas of Schuylkill County. In the opinion for the court below in the instant case, filed on *January 3, 1949*, upon refusing the plaintiff's first motion for judgment on the pleadings, it was specifically pointed out that ". . . there are underlying questions in this case which are, or may be, involved in an appeal now pending in the Supreme Court . . . in the case of Frailey Township School District v. Schuylkill Mining Company." That opinion then went on to caution that ". . . this case should not be decided until the Supreme Court hands down its opinion in the Frailey Township School District case." And, that is exactly what happened. The case was not decided until the entry of the judgment on *June 20, 1949*,—three months after this court's decision in the *Frailey Township* case. Yet, three weeks after the lower court's timely notice and caution to counsel as to the possible pertinency of the *Frailey Township* case, viz., on *January 24, 1949*, the defendant filed its amended answer without the slightest suggestion therein that it was not the owner of the seated lands in question at the time of any or all of the tax assessments involved.

The court was under no legal requirement to open the judgment in order that the defendant might aver and produce evidence which, if believed, would constitute a defense: *Schuylkill Trust Company v. Sobolewski*, 325 Pa. 422, 424, 190 A. 919. Nor was there any impelling conscionable ground for the court's so doing. As the pleadings stood, the appellant was the owner of the various properties at the time of the assessments of the taxes in suit. The complaint averred that the defendant became the owner thereof on December 20, 1938, and there is not a single word to suggest a change of that status at any material time thereafter. Even now, the appellant concedes that it was the owner of the property down to June 6, 1944. What changed the defendant's status as owner, the pleadings do not reveal; nor are the depositions, taken on the rules issued subsequent to the entry of the adversary judgment, competent to vary the pleadings which the judgment rendered conclusive. As the learned court below pointed out in its opinion upon discharging the rule to show cause why the judgment should not be opened,—". . . neither plaintiff's complaint nor the amended answer thereto, to which [the defendant's petition to open] refers, contained any allegation or intimation that the lands involved had been sold for nonpayment of taxes prior to the assessment and levy of any of the taxes sued for in this action." And, of course, the legal presumption is that the established status of the defendant's ownership continued in the absence of any averment or proof to the contrary: *Hartman v. The Pittsburg Incline Plane Company*, 11 Pa. Superior Ct. 438, 443.

To permit the procedure which the appellant advocates would be to ignore the ancient and sound maxim, *"Interest reipublicae ut sit finis litium."*

Judgment affirmed.