Tax Claim Bureau of Delaware County, Appellant *v.* Chichester School District, Appellee.

Tax Claim Bureau of Delaware County, Appellant *v.* Ridley School District, Appellee.

Argued April 8, 1985, before Judges MacPhail, Doyle and Palladino, sitting as a panel of three.

*James E. Del Bello,* Assistant County Solicitor, for appellant.

*Stephen J. Polaha,* with him, *Gregory J. Polischuk* and *Arthur Levy,* for appellees.

Opinion by Judge Palladino, September 16, 1985:

The Tax Claim Bureau of Delaware County (Bureau) has appealed from two separate decisions of the Court of Common Pleas of Delaware County (trial court) granting Motions for Judgment on the Pleadings filed by Chichester School District in one case and Ridley School District in the second case. Be-

cause the legal issue in each case is identical, this opinion will address both appeals.

The question presented in these appeals is whether the Bureau is entitled to a five per cent (5%) commission for delinquent taxes collected directly by the two school districts, by means of demand letters. The Bureau's position is that the school districts did not have the authority to collect the delinquent taxes by use of demand letters once the taxes were returned as delinquent to the Bureau. The Bureau argues that it is entitled to the commissions for collecting the delinquent taxes, even though it had no role in the collection.

The resolution of this issue rests on the interpretation of Section 21 of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §5511.21, which states in pertinent part:

(b)   In addition to all other remedies provided by this act, each taxing district shall have power to collect unpaid taxes from the persons owing such taxes by suit in assumpsit *or other appropriate remedy.* To each judgment obtained for such taxes there shall be added a penalty of ten per centum together with costs of suit. Upon each such judgment, execution may be issued without any stay or benefit of any exemption law. The right of each such taxing district to collect unpaid taxes under the provisions of this subsection shall not be affected by the fact that such taxes have been entered as liens in the office of the prothonotary, or the fact that the property against which they were levied has been returned to the county commissioners for taxes for prior years. (Emphasis added.)

72 P.S. §5511.21(b).

Because we are in agreement with the rationale of the trial court, we affirm both cases on the able and comprehensive opinions of Judge JOSEPH T. LABRUM. *Chichester School District v. Tax Claim Bureau of Delaware County,* Pa. D. & C. 3d (No. 81-06419, filed October 18, 1982); *Ridley School District v. Tax Claim Bureau of Delaware County,* Pa. D. & C. 3d (No. 81-06420, filed October 15, 1982).

ORDER IN 1929 C.D. 1982

AND Now, September 16, 1985, the decision of the Court of Common Pleas of Delaware County at No. 81-06419 dated October 18, 1982 is hereby affirmed.

ORDER IN 1930 C.D. 1982

AND Now, September 16, 1985, the decision of the Court of Common Pleas of Delaware County at No. 81-06420 dated October 15, 1982, is hereby affirmed.

Judge BARRY did not participate in the decision in this case.