595 A.2d 217

**APOLLO–RIDGE SCHOOL DISTRICT, Appellant,**

**v.**

**TAX CLAIM BUREAU OF INDIANA, a political subdivision of the Commonwealth of Pennsylvania, Appellee.**

**APOLLO–RIDGE SCHOOL DISTRICT, a Political Subdivision of the Commonwealth of Pennsylvania, Appellant,**

**v.**

**TAX CLAIM BUREAU OF the COUNTY OF ARMSTRONG, a Political subdivision of the Commonwealth of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 29, 1991.

Decided July 8, 1991.

Matthew M. Hoffman, Pittsburgh, for appellant.

Myron Hay Tomb, Indiana, for appellee, Armstrong County.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Apollo–Ridge School District (Taxing District) appeals an order of the Court of Common Pleas of Indiana County and an order of the Court of Common Pleas of Armstrong County (collectively, trial courts) in two separate actions for declaratory judgment, in which the trial courts concluded that the Indiana County Tax Claim Bureau and the Armstrong County Tax Claim Bureau (collectively, Bureaus) were entitled to commissions and costs under Section 204 of

the Real Estate Tax Sale Law (Sale Tax Law), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.204.[1] The appeals were consolidated for argument. We will consider both appeals in this opinion.

The boundaries of Taxing District encompass real estate in both Indiana and Armstrong Counties. Taxing District made returns to the Bureaus for delinquent real estate taxes.[2] Taxing District also published delinquent taxpayers' names in a local newspaper, mailed demand letters, and

1. Section 204 provides as follows:
   (a) Each county bureau shall receive and collect such taxes and give proper receipt therefor when payment is offered, and to make distribution of the moneys received as provided by this act.
   (b)(1) All taxes for which returns have been made to the bureau shall be payable only to the bureau and shall not be payable to or be accepted by any taxing district or tax collector.
   (2) In the event that any such taxes are received or accepted by any taxing district contrary to the provisions of this section, the taxing district shall be liable to the bureau for, and the bureau shall deduct from any distribution to which the taxing district is entitled under section 205 [72 P.S. § 5860.205], all charges, fees, costs, commissions and interest to which the bureau would have otherwise have been entitled under the act if payment had been made directly to the bureau.
   Subsection (b) was added by Section 3 of the Act of July 3, 1986, P.L. 351, and became effective August 2, 1986. Section 205(c) of the Law provides:
   (c) Money received on account of costs, fees and expenses advanced by any taxing district shall be repaid to the taxing district making the advance. Other money collected under this act shall be subject, first, to a commission of five per centum (5%) of all money collected to be retained by the bureau to offset costs of the administration of this act. Interest earned on money held by the bureau prior to distribution shall also be retained by the bureau for administrative costs.

2. A return is a document which Taxing District was required to file with Bureaus under Section 306(a) of the Tax Sale Law, 72 P.S. § 5860.306(a). Section 306(a) describes a return as follows:
   (a) .... The return ... shall include a list of all properties against which taxes were levied, the whole or any part of which were due and payable in the calendar year immediately preceding and which remain unpaid, giving the description of each property as it appears in the tax duplicate, and the name and address of the owner as it appears in the tax duplicate, together with the amount of such unpaid taxes, penalties and interest due to but not including the first day of the month following the return. Such return shall be accompanied by a signed affidavit that the return is correct and complete....

brought personal assumpsit actions, all in an effort to collect the delinquent real estate taxes. As a result of Taxing District's efforts, several taxpayers paid delinquent taxes directly to Taxing District. Thereafter, Bureaus demanded that Taxing District remit to Bureaus their commissions and costs, or in the alternative, Bureaus would deduct the amount of the commissions and costs from future remittances of tax moneys collected by Bureaus and due to Taxing District.

Taxing District filed petitions for declaratory judgment with both trial courts, which concluded that the Bureaus were entitled to commissions and costs. Taxing District appeals both decisions to this court.

On appeal,[3] Taxing District raises one issue: whether Bureaus are not entitled to commissions and costs as to delinquent taxes paid directly to Taxing District as a result of Taxing District's collection efforts.

Taxing District cites Section 21(b) of the Local Tax Collection Law (Collection Law)[4] which gives it the "power to collect unpaid taxes from the person owing such taxes by suit in assumpsit or other appropriate remedy." Taxing District asserts that it is authorized to use these in personam collection methods to collect unpaid taxes even though returns for the unpaid taxes have been made to Bureaus.[5] Taxing District relies on *Chichester*, in which we incorpo-

---

3. Our scope of review in a declaratory judgment action is limited to determining whether the trial court's findings are supported by substantial evidence, whether an error of law was committed, or whether the trial court abused its discretion. *Love v. Borough of Stroudsburg,* 131 Pa.Commonwealth Ct. 11, 569 A.2d 389 (1990).

4. Section 21(b) of the Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. § 5511.21(b).

5. *See Tax Claim Bureau of Delaware County v. Chichester School District,* 92 Pa.Commonwealth Ct. 7, 498 A.2d 44 (1985). In *Chichester,* this court addressed identical issues raised by Chichester School District and Ridley School District in two appeals from separate decisions of the Court of Common Pleas of Delaware County. We affirmed both opinions, adopting the rationale therein. In its rationale, the trial court concluded that the Tax Sale Law does not curtail a taxing district's authority to use the collection methods of the Collection Law.

rated the rationale contained in two decisions of the Court of Common Pleas of Delaware County (Delaware County trial court).[6] In both decisions, the Delaware County trial court found that taxes were collected solely because the taxing districts mailed demand letters to delinquent taxpayers. As a result, the Delaware County trial court concluded that the taxes were not collected under the Tax Sale Law. Because the taxes were not collected by the bureaus under the Tax Sale Law, the Delaware County trial court held that the bureaus had no claim to commissions under the Tax Sale Law.

Armstrong Bureau asserts that following our decision in *Chichester*, the Tax Sale Law was substantially changed by the addition of Section 204(b)(1) and (2), which provide:

> (b)(1) All taxes for which returns have been made to the bureau shall be payable only to the bureau and shall not be payable to or be accepted by any taxing district or tax collector.
>
> (2) In the event that any such taxes are received or accepted by any taxing district contrary to the provisions of this section, the taxing district shall be liable to the bureau for, and the bureau shall deduct from any distribution to which the taxing district is entitled under section 205 [72 P.S. § 5860.205], all charges, fees, costs, commissions and interest to which the bureau would otherwise have been entitled under the act if payment had been made directly to the bureau.

Armstrong Bureau contends that Subsection 204(b) of the Tax Sale Law prohibits Taxing District from receiving payment of taxes under Subsection 21(b) of the Collection Law after a return is made to the Bureau. Both Bureaus assert that regardless of whether Taxing District is still authorized to employ Subsection 21(b) collection methods after making a filing, Subsection 204(b) unambiguously requires payment of commissions and costs to the Bureaus whenever

---

**6.** *Chichester School District v. Tax Claim Bureau of Delaware County,* 81–06419, filed Oct. 18, 1982; and *Ridley School District v. Tax Claim Bureau of Delaware County,* 81–06420, filed Oct. 15, 1982.

a return is made to the Bureau and a Taxing District receives payment.

Both complaints filed by the Taxing District pray only for declaratory judgment as to the Bureaus' entitlement to commissions and costs. Subsection 21(b) of the Collection Law is silent as to a bureau's entitlement to commissions and costs. Subsection 204(b) of the Tax Sale Law provides that when a taxing district receives payment of any taxes for which returns have been made to a bureau, the taxing district shall be liable to the bureau for commissions and costs. We conclude that there is no conflict between the Collection Law and the Tax Sale Law as to the bureau's entitlement to commissions and costs. We are constrained to follow the clear and unambiguous language of Section 204(b).

We note that neither the text nor notes of Section 204(b) of the Tax Sale Law refers to a taxing district's authority to recover unpaid taxes under Subsection 21(b) of the Collection Law. That Subsection 21(b) authorizes a taxing district to recover unpaid taxes after a return is made to a Bureau has been the long standing law of this Commonwealth. *Tremont TP. School District v. Western Anthracite Coal Co.*, 364 Pa. 591, 73 A.2d 670 (1950). Because the resolution of a taxing district's authority to recover unpaid taxes after a return is made is not necessary for disposition of this matter, we do not decide that issue here.

Accordingly, we affirm.

## ORDER

AND NOW, July 8, 1991, the order of the Court of Common Pleas of Indiana County and the order of the Court of Common Pleas of Armstrong County in the above-captioned matters are affirmed.